## SUTHERLAND *versus* JACKSON.

Where a plan, made by a proprietor of land, delineates a street with lots adjoining the same, and he conveys one of the lots by its number, the *fee* which the purchaser takes is limited to the lines of the lot, as exhibited on the plan, and does not embrace any part of the street.

Such a conveyance, however, gives to the purchaser, by implication or estoppel, a *right of way* in the street. Any erection made upon the street, by which his use of it for a passage way is obstructed, is an invasion of his right.

Until an easement in the street has been acquired by the *public*, through the act of the municipal authorities or otherwise, he may treat such invasion of his right, as a private nuisance, and maintain an action for the damage.

In such an action, the defendant, by his pleadings, *may* bring the plaintiff's title into question.

The action may therefore be brought originally into the District Court, with a recovery of full costs, though the damage recovered should not exceed twenty dollars.

CASE, for obstructing a passage way, to the injury of the plaintiff.

The following diagram may be of use in illustrating the points discussed.

| County Road.  ᴄ | | ᴠ | North. |
|---|---|---|---|

No. 30.  No. 29.

Street 50 feet wide.

Emery lot, extending from the line A B, south to the dotted line.

D            B

The plaintiff purchased lots No. 29 and 30, by the plan

being part of the fifty acre Emery land. In his deed, lot No. 30 was described as commencing at the distance of 25 feet from the south line of the Emery lot. The plan exhibits a space 50 feet wide, reserved for a street, on the south of No. 30, having been laid, half on the Emery lot, and half on the adjoining lot. The deed described the lots No. 29 and 30, as being each 54½ feet wide, and the plan so represents them, exclusive of any part of the fifty feet marked for the street.

The *defendant* purchased the fifty acre Emery lot, "excepting the two small lots," No. 29 and 30, which the *plaintiff* had formerly purchased. After the space, marked on the plan for the street, had been used a few years by the plaintiff and others for a passage way, the defendant erected a house upon that part of it which lay, (north of the dotted line,) within the exterior limits of the original Emery lot. The case was submitted upon the *evidence ;* judgment to be rendered according to legal rights.

*Kelley* and *McCrillis*, for the plaintiff.

1. The fee in the plaintiff extends to the centre of the street. 19 Pick. 250 ; 20 Pick. 291 ; 2 Metc. 457 ; 21 Pick. 292 ; 13 Maine, 329.

2. But if not so, he had a right of way there. 10 Pick. 138 ; 17 Mass. 413 ; 20 Wend. 149 ; 3 Kent, 433 ; 18 Maine, 76.

*A. W. Paine,* for defendant.

1. If the plaintiff had the fee to the centre of the street, his action is misconceived. It should have been trespass. *Fenner* v. *Shelden,* 11 Metc. 526.

2. The description in the deed expressly excludes the street, by commencing 25 feet from the line. *Howard* v. *Hutchinson,* 1 Fairf. 347 and 348 ; *Tyler* v. *Hammond,* 11 Pick. 213.

Though a deed refers to a plan, yet if the description is partly given differing from the plan, this will vary the plan accordingly. *Howard* v. *Hutchinson, supra* ; *Parker* v. *Framingham,* 8 Metc. 266.

In cases of conveyance by number on a plan, the fee of the street remains in the former owner.    39th *Street,* 1 Hill, 191 ; 29th *Street, ibid.* 189.

"The fee," says Kent, "remains in vendor."    3 Kent's Com. 433, note.

The fee in the street did not pass by the description.    If it passed at all, it was as being appurtenant.    But land cannot pass as appurtenant to land, though a right of way may. *Tyler* v. *Hammond,* 11 Pick. 214 ; *Jackson* v. *Hathaway,* 15 Johns. 447.

A deed of land adjoining a street, with the *appurtenances,* does not pass the *fee* of the street.    *Jackson* v. *Hathaway, supra ; Harris* v. *Elliot,* 10 Pet. 25.

The doctrine that the fee of a street passes by a deed of land bounded by it, or laid down on a plan, is only applicable to highways.    Passage ways and private ways do not come within the principle.    *Johnson* v. *Anderson,* 18 Maine, 76 ; 3 Kent's Com. 433 and 434 ; 21 Pick. 292.

Neither did the plaintiff, by his deed, take any *right of way.*

1. It was not necessary, as his lot was accessible from the county road, to which it was contiguous.

2. The appropriation of the street, indicated by the plan, was a dedication to the public.    It is then the right of the public, which has been invaded, and the remedy, (if any,) should be by indictment.

WELLS, J. — One of the grounds, upon which the plaintiff claims to maintain this action, is that by the deed of the proprietor under which he holds, he obtained title to the centre of the street or way.    In this State a grant of land bounded on a highway carries the fee to the centre of it, if there be no words to show a contrary intent.    *Johnson* v. *Anderson,* 18 Maine, 76.    The exact width and length of the two lots are specified in the deed, and it does not appear, that lot numbered thirty extends into the street, allowing to it the full width named in the deed.    But the lots are conveyed by a

Sunderland *v.* Jackson.

plan, and by the copy of the plan, furnished to us, it does not appear that the lot last mentioned embraces any part of the way. The southern line of the lot separates it from the way. Whether that is regarded as the line of the lot, or the line of the way, or both, it clearly delineates the limits of each, and a conveyance of the lot by the plan does not carry the fee to the centre of the way, for in order to have that effect, the grant must extend beyond the southern line of the lot as laid down on the plan. The boundary of a lot by a wall or fence would limit the grantee to it, although it might also be the boundary of a road. The same rule of construction must apply to a line on a plan.

But a street is laid down on the plan adjoining the plaintiff's land, and the conveyance is according to the plan. The fair construction of the deed must be, that the proprietor intended the street for the use of the grantee, and those who might purchase land adjoining it. He exhibited to the purchaser the advantages attendant upon the grant, and not only sold him the land, but the land as it is described upon the plan, where there appears to be a street, in which it would not have been unreasonable for him to have understood, that he was to have an easement. And such appears to be the fair interpretation of the language employed in the conveyance. This case falls within the principle, which was decided in *Van O'Linda* v. *Lothrop*, 21 Pick. 292, where it was held, that a grant of land bounded on a street, the soil of which belonged to the grantor, though it did not convey the fee in the street by the terms of the grant, yet the grantee acquired a right of way in the street by implication or estoppel. In that case, the deed described the land as bounded on the street, in this it is conveyed according to the plan, which represents the land as adjoining the street, and the plan is in contemplation of law a part of the deed. So also in New York, if a lot be sold bounded on a street as designated on a map of the city, or of the owner's land, the purchaser takes the lot with the indefeasible privilege of a right of way in the street as an easement.

The fee of the street remains in the vendor, but subject to the easement, and the value of his fee is but nominal. 3 Kent's Com. 433, and cases there cited ; 1 Hill, 189 and 191. The plaintiff must be considered as entitled to a right of way in the street delineated on the plan as adjoining his land.

It follows necessarily, that if the plaintiff has a right of way he may exercise it. When the municipal authorities may think proper to open the street, whether the vendor or his grantee of the fee of the street can recover damages, or whether the sale would, under the circumstances, be considered a dedication of the street to the public so far as to prevent a recovery of damages, it is not now necessary to inquire. The proprietor may at any time open the street, but if he does not do so, and it is not done by the public authorities, the purchaser is not precluded from the use of the easement, but may exercise the right as soon as it has accrued to him, if there be no restraint imposed upon him in the deed.

But as the plaintiff's right consisted in the use of the way, no detriment could arise to him until he was obstructed in such use. The defendant claiming under the proprietor could cultivate the land designed for a street, or devote it to any lawful purpose, without being liable to the purchaser while he manifested no disposition to use it. When the plaintiff undertook to use the street, he had the right to do so without obstruction, and such obstruction would constitute his ground of injury and claim for damages.

When this case was presented to the consideration of this court at a prior time, upon exceptions to the rulings of the Judge of the District Court, it then appeared by the exceptions, that the street had never been opened or used. But by the testimony now presented it does appear, that the street or a part of it, had been used several years before the defendant erected his house upon it, and, as we understand, the plaintiff and others had participated in its use. The house built by the defendant was from fifteen to eighteen feet wide, and twenty-eight feet long. No one can doubt that such a house would very materially obstruct the ordinary and daily

use of the street, and impede the plaintiff in the actual use of his right of passage. The evidence does not disclose very clearly the degree of the injury done to the plaintiff, but it is to be inferred from it, that he sustained some.

For the injury done to the plaintiff by obstructing his passage over the way, he can maintain an action and recover damages. It is a mere private nuisance. *Shaw* v. *Cummisky*, 7 Pick. 76; *Kent* v. *Waite*, 10 Pick. 138; *Parker* v. *Smith*, 17 Mass. 413. If the way was a public one, so that its obstruction would be a public nuisance for which an indictment would lie, the plaintiff could sustain no action without proof of particular and special damages not common to others. Coke Lit. 56, a; *Herbert* v. *Groves*, 1 Esp. 148. But the way in the present case is a private one, and according to the case of *State* v. *Sturdivant*, 18 Maine, 66, no indictment could be sustained for obstructing it, and the plaintiff would have no remedy in a court of law unless he could maintain an action for damages.

From the want of more definite proof in relation to the amount of damages, it is apprehended, that the principal object of the plaintiff in bringing the action is to have the question of his right to the use of the way settled; they will therefore be but nominal.

According to the agreement of the parties, a default must be entered, and the damages are fixed at one dollar, but according to the decision of this court in the case of *Morrison* v. *Kittridge*, 32 Maine, 100, the plaintiff will be entitled to full costs.