## WASON *v.* PILZ.

( 48 Pac. 701.)

EASEMENT—TERMS OF GRANT.—A deed conveying a certain strip of land " for road purposes. ＊ ＊ ＊ The said strip so conveyed for a road as above stated," etc., indicates only an easement in the property described.

From Multnomah: LOYAL B. STEARNS, Judge.

This is a suit by Mary Isabella Wason against Robert Pilz and Annie C. Schmeer, to quiet the title to a small tract of land twenty by two hundred feet, situate in Multnomah County, and now within the corporate limits of the City of Portland. On July 31,

1876, John Schmeer, Sr., who was then the owner thereof in fee simple, executed and delivered to Peter Schmeer a deed granting an estate therein, described as follows: "A parcel of land, for the purposes of a road, twenty feet wide, across the center, running east and west over and across the following described real estate: [Describing it.] The said strip of twenty feet, so herein conveyed for a road as above stated, is to be inclosed by a good, substantial board fence by the said Peter Schmeer, and kept in repair by him." On October 29, 1880, Peter Schmeer deeded the estate thus acquired to Rudolph Schmeer, but Rudolph did not record his deed until March 18, 1881. On November 30, 1880, Peter Schmeer was convicted in the circuit court for said county of an assault, and on December 2, was sentenced to pay a fine of $200 and costs, and judgment was entered accordingly. The premises in question, or the estate of Peter Schmeer therein, was sold under execution to satisfy this judgment, and was purchased by Thomas and Ellen Uglow who afterwards, on November 11, 1881, obtained a deed from the sheriff. On November 17, 1881, Thomas and Ellen Uglow conveyed an undivided one-half interest to H. H. Northup. On December 31, 1881, in a suit then pending, touching the title, wherein H. H. Northup was plaintiff, and Rudolph Schmeer and wife were defendants, and which was commenced November 19 prior, it was decreed that Northup was the owner in fee and entitled to the possession of an undivided one-half of the premises, and that Thomas and Ellen Uglow were the owners of the remaining half. The plaintiff deraigns title through Northup

and the Uglows. In 1882, John Schmeer, Sr., died, leaving a will, by which he devised to the defendant Annie C. Schmeer the undivided one-half of a six-acre tract of land, which, by its description, covers the premises in question, and to John Schmeer, Jr., and Sophia Kirchoff, the remaining half. On April 13, 1884, John Schmeer, Jr., and Sophia Kirchoff executed to Annie C. Schmeer a deed to the south half of said tract described in the will; and on July 20, 1887, John Schmeer, Jr., and Sophia Kirchoff obtained a decree against Annie C. Schmeer for the north half,— the dividing line running lengthwise through the center of the premises in dispute. On February 12, 1886, Rudolph Schmeer executed a deed to Annie C. Schmeer, covering the interest conveyed to him by Peter Schmeer. On June 7, 1888, John Schmeer, Jr., and Sophia Kirchoff executed a deed to Rudolph Schmeer, covering the north ten feet, or one-half of the premises in dispute; and on July 20, 1889, Rudolph deeded to defendant Robert Pilz by the same description. The defendant Annie C. Schmeer, by her answer, claims ownership in fee of the disputed premises, except that portion occupied by a brick building seventeen by thirty-five feet. The defendant Robert Pilz filed a disclaimer of all interest in the premises. A decree having been entered for plaintiff, Annie C. Schmeer appeals.

MODIFIED.

For appellant there was a brief and an oral argument by *Mr. William York Masters.*

For respondent there was a brief and an oral argument by *Mr. George Wintermute Hazen.*

MR. JUSTICE WOLVERTON, after stating the facts, delivered the opinion of the court.

By the record, the defendant Schmeer can claim no interest whatever in the north half of the premises, as the decree of July 20, 1887, precludes her in favor of John Schmeer, Jr., and Sophia Kirchoff, and this decree is later than the deed from Rudolph Schmeer to her. Subsequent to the date of this decree, John Schmeer, Jr., and Sophia Kirchoff gave a deed to Rudolph to said north half, and a little later he deeded to the defendant Robert Pilz, who now disclaims all interest in the premises; so that, as it concerns the north half, the plaintiff must be held to be the owner in fee simple, unless the defendant Annie C. Schmeer has obtained title by adverse possession. As it pertains to the south half, the decree of the court of December 31, 1881, in the case of Northup againt Rudolph Schmeer and wife, precludes her in so far as she may claim title through Rudolph. The deed brings her into privity with him, and, having been executed subsequent to the decree, leaves the decree as effective against her as it is against him. But in so far as she may claim through devise from John Schmeer, Sr., and through deed from John Schmeer, Jr., and Sophia Kirchoff, she is not thus precluded. This claim is by independent title, coming direct from the source of Rudolph Schmeer's title, and the question comes to this: Which of these is the better title,

assuming that the plaintiff has the Rudolph title? The deed from John Schmeer to Peter Schmeer, under which Rudolph claimed, conveys only an easement. The description is: "A parcel of land for road purposes.  *  *  *  The said strip of twenty feet so herein conveyed for a road as above stated is to be inclosed," etc.   Language of similar import was held in *Robinson* v. *Railroad Company*, 59 Vt. 426, (10 Atl. 522) to create an easement.   In that case the estate was described as "a strip of land four rods in width, across my land, and being the same land now occupied by the St. Albans and Richford Plank Road Company for their road, for the use of a plank road." The words "for the use of a plank road" seem to have been decisive of the estate carved out, although the deed otherwise purported to be an absolutue grant. See, also, *Sanborn* v. *City of Minneapolis* (Minn.) 29 N. W. 126.   So, in this case, the words "a parcel of land for road purposes" are indicative of an easement only, and are controlling as the measure of the estate granted; but the title which Annie C. Schmeer obtains through the devise is a fee-simple title.   We have been unable, after a very careful consideration of the testimony, to find that either party has made out a title by adverse possession, except as it concerns the occupancy of the brick building.   So we conclude that the plaintiff is the owner in fee simple of the north half of the premises in dispute, and also all that portion of the south half which is covered by said building; that she is the owner of an easement in the remaining portion of the south half for road purposes, and to that end is entitled to possession; but that the

defendant Annie C. Schmeer is the owner of such remaining portion of the said south half in fee simple, subject, however, to such easement. The decree of the court below will therefore be modified in accordance with these conclusions, neither party to recover costs on the appeal.

MODIFIED.