HARRIETTE W. YOUNG *vs.* DWIGHT BRAMAN.

SAME *vs.* SAME.

Hancock.    Opinion August 10, 1909.

*Deeds. Boundaries. Ways. Right of Way. Obstruction of Same. Damages for Obstructing Same. Estoppel. Words and Phrases.*

If land be conveyed as bounded on a street or by reference to a plan which shows it to be bounded on a street, and the grantor, at the time of the conveyance, owns the land over which the street passes, he and his successors in title will be estopped to deny to the grantee and his successors in title the use of it as a street.

The plaintiff purchased from the defendant on March 28, 1904, a certain lot of land in Sullivan, with a dwelling house thereon, described in the deed as follows :

"All that lot of land at Sullivan Harbor bounded southerly in front by Waukeag Avenue, on the East by land now or late of White 184 feet, on the North by land now or late of White and land now or late of Tredick, 90 feet 5 inches, and on the West by the driveway to the Manor Inn, containing 10,900 square feet be the same more or less, said premises being shown on the diagram below." The diagram showed the lot in question to be bounded on one side by Waukeag Road, and on another by what was delineated as "Driveway to the Manor Inn." The fee of the driveway as well as that of the Manor Inn to which it led was in the grantor at the time of the conveyance and the driveway at that time and for some time prior thereto and for two seasons thereafter was used by the occupant of the house upon the plaintiff's lot without question. In August, 1906, the defendant built a fence along the easterly line of the driveway completely shutting the plaintiff from the use of the same.

*Held :* 1. That the lot in question, having been conveyed as bounded on a driveway and by reference to a diagram delineating said driveway, the grantor, at the time, being the owner of the lot over which the driveway had been constructed was estopped to deny to the plaintiff the use of the same as a street.

2. That only nominal damages should be awarded. The inconvenience complained of was suffered more by others having business at the house than by the plaintiff herself.

The Standard Dictionary defines, "driveway" to be "a road for driving" and that is the meaning that at once suggests itself. It doubtless implies that it is over private land and is not a public way, but it does not imply that it is exclusive.

*State* v. *Clements*, 32 Maine, 279, overruled in part.

On report. Judgment for plaintiff.

Two actions on the case for the obstruction of a driveway. Plea, the general issue in each case. The two actions were tried together, and at the conclusion of the evidence the cases were reported to the Law Court for determination, with the stipulation that "if judgment is for the plaintiff, the court to assess the damages."

The facts are stated in the opinion.

NOTE. In connection with this case see *Cleaves* v. *Braman*, 103 Maine, 154.

*Deasy & Lyman*, for plaintiff.
*Littlefield & Littlefield* (of the New York Bar) for defendant.

SITTING: WHITEHOUSE, SAVAGE, PEABODY, CORNISH, KING, BIRD, JJ.

CORNISH, J. Actions on the case for obstruction of a way.

The Sullivan Harbor Land Company was at one time the owner of a large tract of land in Sullivan embracing the property in question, and caused the same to be surveyed and a plan to be made, showing lots and streets, which plan was recorded in the Hancock County Registry of Deeds, June 25, 1889. Subsequently that company sold and conveyed ten lots to various parties referring in the description to this recorded plan. By mesne conveyances the defendant became the owner of the unsold portion of the company's property and on March 28, 1904, conveyed one lot to the plaintiff, with a dwelling house thereon, the description in the deed being as follows:

"All that lot of land at Sullivan Harbor bounded southerly in front by Waukeag Avenue, on the East by land now or late of White 184 feet, on the north by land now or late of White and land now or late of Tredick, 90 feet 5 inches, and on the West by

the driveway to the Manor Inn, containing 10,900 square feet be the same more or less, said premises being shown on the diagram below."

The diagram incorporated in the deed is as follows:

## DIAGRAM OF PREMISES.

In the summer of 1906 the defendant built a fence between the plaintiff's lot and the driveway to Manor Inn completely shutting the plaintiff from the use of the same. The single issue is whether the plaintiff has any rights in the driveway which were invaded by this obstruction. The plaintiff claims such rights on two grounds, first under her deed, second, because of an alleged dedication to the public. It will be necessary to consider the first ground alone as that establishes the plaintiff's right to maintain these suits. This

involves a construction of the plaintiff's deed. What did she take by it? In Massachusetts it is a rule of construction that a boundary on a private way, includes the soil to the center of the way, if owned by the grantor. *Fisher* v. *Smith*, 9 Gray, 441 ; *Peck* v. *Denniston*, 121 Mass. 17 ; *Pinkerton* v. *Randolph*, 200 Mass. 24.

In this State a different rule obtains, viz, that such grantee takes title only to the side line of the way. *Bangor House* v. *Brown*, 33 Maine, 309 ; *Ames* v. *Hilton*, 70 Maine, 36; *Winslow* v. *Reed*, 89 Maine, 67.

But the courts of both States in a long line of decisions have uniformly and without dissent recognized another rule of construction, namely, that if land be conveyed as bounded on a street or by reference to a plan which shows it to be bounded on a street, and the grantor, at the time of the conveyance, owns the land over which the street passes, he and his successors in title will be estopped to deny to the grantee and his successors in title the use of it as a street. *Parker* v. *Smith*, 17 Mass. 413 ; *O'Linda* v. *Lothrop*, 21 Pick. 292 ; *Tufts* v. *Charlestown*, 2 Gray, 271 ; *Franklin Ins. Co.* v. *Cousens*, 127 Mass. 258 ; *N. E. Structural Co.* v. *Everett Distilling Co.*, 189 Mass. 145 ; *Sutherland* v. *Jackson*, 32 Maine, 80·; *Bangor House* v. *Brown*, 33 Maine, 309 ; *Warren* v. *Blake*, 54 Maine, 276-281 ; *Bartlett* v. *Bangor*, 67 Maine, 460 ; *Heselton* v. *Harmon*, 80 Maine, 326 ; *Atwood* v. *O'Brien*, 80 Maine, 447-449. *Dorman* v. *Bates Mfg. Co.*, 82 Maine, 438-447.

The two early cases cited by the learned counsel for the defendant as holding a contrary view, *State* v. *Clements*, 32 Maine, 279, and *Clap* v. *McNeil*, 4 Mass. 589, so far as they intimate any different rule, and such intimation is rather in the nature of dictum, have been overruled by the long line of decisions just cited.

But the defense further claims that such a rule of interpretation if legally sound should not govern in the case at bar because a contrary intent appears in the deed itself viewed in the light of surrounding circumstances.

First, because the very words of the deed "driveway to the Manor Inn," the fee to the driveway and the Inn being in the defendant, necessarily imply a private driveway, one reserved for the grantor's

personal use and convenience; and not intended to be used by others. We think this is an attempt to inject into the word driveway more than it ordinarily imports. The Standard Dictionary defines "driveway" to be "a road for driving" and that is the meaning that at once suggests itself. It doubtless implies that it is over private land and is not a public way, but it does not imply that it is exclusive. The rule above stated applies to ways over private land and its application is not a matter of terminology. In *Franklin Ins. Co.* v. *Cousens*, 127 Mass. 258, where the words "Cedar Square" were used, the court said: "If the plaintiff's northerly line had been described as bounded upon a way or passageway thirty feet wide it is too clear to admit of discussion that the grantor and the defendant claiming under him would be estopped to deny the plaintiff's right to a way thirty feet wide. between Cedar Street and McLean Place. It can make no difference that the way is called by another name. The question is whether the thing intended as a boundary was in fact a way; if it was, it is immaterial whether it is called a way, or a street, avenue, lane, road, place or court."

The following are illustrations of the variety of terms employed, all of which fall within the rule. "Contemplated passageway," *Tufts* v. *Charlestown*, 2 Gray, 271; "A forty foot way" *Lewis* v. *Beattie*, 105 Mass. 410; "A Proprietor's way," *Gaw* v. *Hughes*, 111 Mass. 296; "A way twenty feet wide;" *LeMay* v. *Furtado*, 182 Mass. 280; "To a driveway, thence easterly on said driveway," *Bowland* v. *St. John's Schools*, 163 Mass. 229. "The driveway to the Manor Inn" would seem to properly belong in the same class as the foregoing.

Second, the defendant says that as the plaintiff's lot fronted on Waukeag Avenue or Road as it is called on the diagram, a public highway, there was no occasion for a right of way over the driveway. It is true this was not a way of necessity, but that is not a determining nor even an important element to be considered. The Massachusetts court have met this point in a very recent case in these words: "The deed is operative by estoppel to create the easement so far as the grantor's title will support it. Such a way is not

a way of necessity and the right exists even if there be other ways either public or private leading to the land." *N. E. Structural Co.* v. *Everett Distilling Co.*, 189 Mass. 145-152.

Third, the defendant says that there is no reference to the plan recorded by the Sullivan Harbor Land Company in 1889. That is true. The plaintiff's rights, however, are not based upon that plan but upon the description in her own deed and so much of that plan as is incorporated into and made a part of her deed. The plaintiff claims both by the calls of the deed and the "diagram of premises" embodied in the deed. This diagram shows a corner lot with Waukeag Road on the south and the Driveway to Manor Inn on the west. A single line marks the boundary of the lot on each way and there is apparently nothing to restrict the grantee's rights in the one any more than in the other. The same rights in both are given by law in the absence of some restriction or some language from which a contrary intent can be inferred.

Fourth, and finally the defendant says that the right of sewer connection in the driveway was expressly granted in the deed and that if the grantor had intended to grant a right of way that also would have been expressly conveyed. This point merits consideration but we do not think it is of sufficient force to overcome the rule. The granting of the sewer right was necessarily expressed. No rule of interpretation could imply such an easement, but the law by implication gives the right of way. That need not be expressed.

On the whole the surrounding circumstances reinforce the interpretation which we have adopted.

It appears that the defendant Braman, prior to giving the deed to the plaintiff, had conveyed the land on the opposite corner and extending nearly the whole length of the driveway to one Cleaves, together with "a right of way for all purposes of a way over a piece of land forty feet wide in every part lying easterly of and adjoining said lots and extending from the north easterly corner of the last described lot to the county road;" and, while the right was expressly granted in that deed, the fact that it was thus expressly given militates against the theory that the defendant intended to

keep this driveway to himself. The construction of the Cleaves deed may be found in *Cleaves* v. *Braman*, 103 Maine, 154.

More persuasive still is the fact that at the time of the conveyance in suit the driveway had been constructed many years and was then used in connection with the plaintiff's lot without question. It was the ordinary and common thoroughfare by which the public road was reached from the house, which was situated on the rear of the lot.

One witness testified that it was used so commonly as an entrance to the house that there had never been any other, until one was built, some time after the plaintiff bought the property.

Such was the situation when the plaintiff purchased and this same use was continued by her for two seasons after the purchase without objection, when, for some reason, the defendant built a fence on each side denying the right both of Cleaves and of the plaintiff. This actual use prior to, at the time of and subsequent to the conveyance, without protest on the defendant's part independent of the verbal promises and representations alleged to have been made by the defendant to the plaintiff, which are not to be considered here, aids the adopted rule of construction as showing the intent of the parties and is satisfying evidence that a just conclusion has been reached.

After carefully considering all the evidence, it is the opinion of the court that only nominal damages should be recovered. The inconvenience complained of was suffered more by others having business at the house than by the plaintiff herself. The main thing is the settlement of the legal rights of the parties. That has been accomplished.

*Judgment for plaintiff for one dollar*
*damages and costs, in each suit.*