Argued March 5, reversed April 5, 1927.

F. E. CROSS *v.* F. W. TALBOT ET AL.

(254 Pac. 827.)

**Boundaries—Where Land Described by Metes and Bounds Actually Abuts on Highway, Grantee Takes to Center Thereof.**
Where land described by metes and bounds actually abuts on the highway, grantee, in absence of intention of grantor otherwise to limit description, takes to center of highway, notwithstanding highway was not mentioned as boundary.

———————

Boundaries, 9 **C. J.**, p. 152, n. 6, p. 185, n. 81, p. 186, n. 82, p. 187, n. 98, p. 189, n. 9, p. 199, n. 94, p. 200, n. 95, 96, 97, 98, 99.

From Tillamook: GEORGE R. BAGLEY, Judge.

Department 2.

                                                        REVERSED.

For appellant there was a brief over the name of *Messrs. Botts & Winslow,* with an oral argument by *Mr. George P. Winslow.*

———————

Description with reference to highway as carrying title to center or side of highway, see note in 2 **A. L. R.** 6.

For respondents there was a brief over the names of *Messrs. Barrick & Hall* and *Mr. C. R. Chapin,* with an oral argument by *Mr. C. W. Barrick.*

McBRIDE, J.—This is an action of ejectment. Plaintiff seeks to recover a small strip of land lying along the Portland-Tillamook Highway in the village of Hebo in Tillamook County. Lars Jensen took up the homestead, which included the property in dispute, in the year 1888. In 1898, he and his wife conveyed a portion of said property to School District No. 13 in Tillamook County, Oregon, describing said property as follows:

"Beginning at a stake 18½ chains south of the northeast corner of southwest ¼ of southwest ¼ of section 12, township 4 south range 10 west of Willamette Meridian; thence south 4½ chains; thence north 55 degrees west 3.05 chains; thence north 28 degrees west 3.09 chains; thence east 4.02 chains to the place of beginning containing one acre more or less lying and being in Tillamook County, State of Oregon.

"The above property to belong to School District No. 13 as long as used for school purposes, when otherwise it reverts to Lars Jensen, his heirs or assigns."

When the conveyance was made, the westerly line of the property actually coincided with the east line of the county road, although the road was not in any way mentioned in the conveyance. The school district held the property under this deed until the seventeenth day of June, 1916, when the school district and Jensen conveyed a portion of said property to Florence V. Getchell, the property conveyed being described as follows:

"All of the north end of the school grounds lying north of a line 16 feet north of woodshed and in line with said iron pin driven in edge of the county road."

It is stipulated in this case that the plaintiff herein owns, through proper conveyance, the real property described in the later deed. The evidence in this case shows that the county road established long prior to the year 1898, when the school district acquired the property from Lars Jensen, was, after the year 1898, moved a short distance away and westerly from the original school tract, the distance being described as from ten to thirty feet. It is this strip of land lying between that portion of the original school tract, now owned by plaintiff, and the present highway that is now in dispute, and this is the strip of land described in the complaint which the plaintiff seeks to recover possession of.

We find no evidence in the record as to how the road came to be shifted, whether by official order or otherwise, and no evidence tending to show whether the original road, as it existed before the change, was formally vacated; but it seems to be assumed that this part of the transaction was regularly done.

Plaintiff claims that, by reason of his purchase of the north end of the school tract, and by reason of the fact that the land described in the original deed from Jensen to the school district actually coincided with the easterly line of the highway, and that upon the vacation or the shifting of the road, that part included in the original highway reverted to the original grantor Jensen or his heirs.

The dispute arises here from the fact that the defendants in this case procured from the heirs of Jensen a deed to this triangular strip, claiming that that part of the old highway had reverted to the heirs

of Jensen, and that they therefore became the owners of it; that the true boundary was described by metes and bounds in the Jensen deed and the fact that the westerly line of the school district tract actually co-incided with the original highway could not be taken in consideration, and that the school district was confined to that portion of the land described by metes and bounds, which they claimed left a triangular strip in dispute in the heirs of Jensen.

We are of the opinion, and we take it, that the weight of authority is to the effect that where the land described by metes and bounds actually abuts upon the highway, the grantee, in the absence of some clear intention on the part of the grantor to otherwise limit the description, will take to the center of the highway to the same extent that he would had the highway been actually mentioned as a boundary.

The rule is thus stated in 9 C. J. 199,—

"The general rule that the grantee of land bounded by a street or highway takes to the center thereof is not affected by the fact that the land is not described in the deed as bounded on the highway, provided it is actually so bounded. The presumption that it was not the intention of the grantor to withhold his interest in a street or highway to the middle of it, after having parted with all his right to the adjoining land, is just as strong as if the conveyance had expressly mentioned the street or the highway as a boundary.

"It is a well settled rule of construction that in case of ambiguity in the conveyance the construction most favorable to the grantee must be adopted. And where there is doubt as to whether it was intended to convey land to the center of the adjoining highway, it will be presumed that it was so intended.

"The presumption of an intent to convey title to the center of a street or highway is not overcome by the fact that the land conveyed is described by metes

121 Or.—18

and bounds, and that the distances stated in the description of the deed do not extend to the center of the street or highway."

We take it that there is no difference in principle between the land abutting upon a public highway and upon a stream. Many of the cases which we have examined seem to treat the principle in the two instances as the same.

In the case of *Norcross* v. *Griffiths,* 65 Wis. 599 (27 N. W. 606, 56 Am. Rep. 642, 644), the court uses the following language:

"Under the rule established by this court as well as of other courts cited below, the important fact in the conveyance which raised the presumption of an intent to convey the bed of a navigable stream, or the street or highway, in front of the land conveyed, is that the side of the street or highway, or the bank of the navigable stream, is in fact the boundary on the side of the lands described in the deed next to such street or stream, or that such side of the street or bank of the stream is included within the boundaries mentioned in the deed on the side next thereto, although the line of the tract as described in the deed may extend beyond the side of the street or bank of the river into the street or river. The fact that the line of the tract of land conveyed as described in the deed is a straight line from point to point, by course and distance, on the side next the river or street, and that no mention is made of the river or street, does not of itself overcome the presumption of an intent to convey to the center of the river or street, if such a line be in fact substantially coincident with the side of the street or the bank of the river, and extends to or into such river or street." (Citing a large array of authorities.)

In the case of *Wright* v. *Day,* 33 Wis. 260, the court said:

"The plaintiff being the owner of all the land to the river, and not stopping at the meander line as his boundary, at the time of his conveyance to Fletcher, must be presumed to have conveyed, and to have intended so to do, as he himself held, and according to his true boundary on that side, unless the deed, by clear and unmistakable words, evinces a contrary intention, and a design to make the meander line a new boundary in the direction toward the river."

In the case of *Buck* v. *Squiers,* 22 Vt. 484, the court said:

"The rule itself is mainly one of policy, and one which, to the unprofessional, might not seem of the first importance; but it is at the same time one which the American courts especially have regarded as attended with very serious consequences when not rigidly adhered to, and its chief object is to prevent the existence of innumerable strips and gores of land along the margins of streams and highways, to which the title for generations shall remain in abeyance, and then upon the happening of some unexpected event, and one consequently not in express terms provided for in the title deed, a bootless, almost objectless, litigation shall spring up to vex and harass those who in good faith had supposed themselves secure from such embarrassment."

The case is a very instructive one and the fact of the location in the present case shows a reason grounded in the highest public policy for such a holding. There is nothing here to indicate a contrary intent on the part of the grantor of the school tract than to convey the property with all the easements which would attach to it. It is inconceivable that the grantor would convey to the directors of the school district a tract for the purpose of erecting a school building and at the same time have in mind to cut off access to it by means of a county road. As before

stated, we think the great weight of opinion is contrary to this.

The able and careful judge who tried this case below was evidently misled by the language used by this court in *Lankin* v. *Terwilliger*, 22 Or. 97 (29 Pac. 268). Taken literally, that opinion would seem to authorize the court to so hold in this case, but as laid down by all authorities in cases of this kind, the rule in regard to boundaries upon streams·and highways is a matter largely of construction, and the court in determining the intent of the grantor will take all the circumstances into consideration viewing both the conveyance and the local situation as it appears from the evidence.

In the case last alluded to, there was ample justification for the court holding that the land reverted to the grantor upon the vacation of the county road. The land was not sold with reference to the road and, while the line as described in the deed seems to have coincided generally with the side line of the road, no rights seem to have grown up under it prior to the conveyance to the grantee Lankin, but, upon the contrary, the deed itself provided for rights of way across the tract. Three roads each 90 feet in width are expressly designated without any reference to the county road which was vacated long before the plaintiff Lankin purchased the property. There the court took into consideration all the circumstances, which, together with the evidence and stipulation of the parties, show that they arrived at the conclusion that there was an evident intent not to convey the roadbed. The case practically stands alone and without a close examination of the transcript taken from the old files in this office, it is liable to be misleading. While we do not expressly overrule that

case, it can only be considered with reference to the circumstances as they appear there. We think there was testimony in this case which should have gone to the jury and the case is reversed with directions to grant a new trial.                                    REVERSED.

BROWN and BEAN, JJ., concur.

BURNETT, C. J., concurs in the result.