Argued October 30, 1968, reversed and remanded
January 15, 1969

# FAHEY et ux, *Appellants, v.* CITY OF BEND et al, *Respondents.*

449 P. 2d 428

*Harry A. English,* Bend, argued the cause and filed a brief for appellants.

*William M. Holmes,* Bend, argued the cause for respondent J. Woodrow Duff. With him on the brief were DeArmond, Gray, Fancher & Holmes, Bend.

Before McALLISTER, Presiding Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE, HOLMAN and MENGLER, Justices.

## O'CONNELL, J.

This is an action for slander of title and trespass to land. Plaintiffs pray for damages and for an injunction restraining defendants from asserting any claim to the land. The trial court sustained a demurrer to plaintiffs' complaint and plaintiffs appeal.

The land in dispute is the west one-half of a vacated street lying adjacent to Lots 1 and 2, Block 26, Bend Park, City of Bend, Oregon. The complaint alleges that the street was vacated in 1952 and that the city subsequently took title to Lots 1 and 2 for unpaid street assessments. Thereafter the city conveyed Lots 1 and 2 to plaintiffs' predecessors in interest. Plaintiffs allege that they acquired title to the disputed strip by virtue of these conveyances. It is then alleged that defendants slandered plaintiffs' title by purporting to convey the disputed strip. In a second count plaintiffs allege that defendants Duff and Burdett trespassed upon the strip. The demurrer to the complaint was sustained on the ground that plaintiffs'

allegation of title to the disputed strip was "not supported by the facts pleaded."

It is clear that if the street had not been vacated prior to the conveyance to plaintiffs' predecessors in interest, plaintiffs would have acquired title to the west one-half of the street adjoining Lots 1 and 2 by the deed which described the land simply by the lot description. The question is whether the same rule should be applied when the conveyance is made after the adjoining street has been vacated.

There are cases which hold that the vacated strip does not pass by a conveyance describing only the lot without reference to the street.[1] The reason generally given is that the vacated strip "is then a separate tract of land in no wise appurtenant to the adjoining tract."[2] This is a statement of a conclusion rather than a reason. The vacated strip can be treated as a "separate tract" or as a part of one single tract depending upon what ends are best served. Where the street is in existence at the time of the conveyance, the street portion of the lot is held to pass on the theory that in the absence of an express reservation of the title to the strip it may be assumed that the grantor intends the title to pass. This implication is made on the ground that the grantor would normally have no use for the small narrow strips of land constituting the street portion of his lot. It has also been said that this rule of construction is founded on the policy of discouraging vexatious litigation.[3]

■■ For these reasons it has been held in some jurisdictions that a conveyance made after the vacation of the street carries with it the street portion of

---

[1] See Annot., 49 ALR2d 982, 1002 (1956).
[2] 3 American Law of Property § 12.112, p. 431 (1952).
[3] Buel v. Mathes, 186 Or 160, 186, 197 P2d 687, 205 P2d 551 (1949); 49 ALR2d at 990.

the lot.④ We concur in this view. No distinction should be made between conveyances made before and conveyances made after the vacation of the adjoining street; in both cases the adjoining strip should be held to pass by the deed in the absence of the manifestation of a contrary intent.

■ It follows that plaintiffs' complaint alleged facts sufficient to state a cause of action in trespass and the demurrer to the complaint should not have been sustained. The first count of the complaint alleging slander of title did not allege special damages and therefore was demurrable.⑤

Reversed and remanded. .

---

④ 49 ALR2d at 1002.
⑤ Cawrse v. Signal Oil Co., 164 Or 666, 670, 103 P2d 729, 129 ALR 174 (1940).