Argued March 3, reversed April 1, 1975

FOSSI, *Respondent, v.* MYERS ET AL, *Appellants.*

533 P2d 337

*Richard J. Brownstein,* Portland, argued the cause for appellants. With him on the briefs were Yerkovich, Gilbertson and Brownstein and Miles Sweeney, Portland.

*Douglas B. Gordon,* Portland, argued the cause for respondent. With him on the brief were Davies, Biggs, Strayer, Stoel and Boley, Portland.

Before DENECKE, Presiding Justice, and HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

DENECKE, J.

This is a suit in which the parties seek a declaration of their rights in real property.

In 1954 Hudson Investment Company conveyed a portion of its real property, known as Parcel B, located near the middle of its holdings, to the city of Portland for a street. Parcel B is 80 feet wide. In 1960 Hudson conveyed parcels on both sides of the street to other parties. The defendants Myers and Bishoprick can be regarded for this case as successors to these other parties. In 1971 the city vacated the street. In 1973 Hudson conveyed its interest in Parcel B. to plaintiff. The defendants claim Parcel B as owners of the property adjoining the vacated street and the plaintiff claims as grantee of Hudson's interest in Parcel B.

The deeds by Hudson to the city recited that the property was conveyed "for street purposes for the benefit and use of the public * * *." All parties agree that by this conveyance the city obtained only

an easement and Hudson retained the reversionary interest. *Wason v. Pilz,* 31 Or 9, 48 P 701 (1897). The question however remains, what happened to Hudson's reversionary interest when Hudson conveyed the parcels adjoining the street?

Hudson conveyed the parcels adjoining the street by deeds describing the property by metes and bounds. The boundary was the edge of the street. For example: "* * * [T]o an iron rod at the point of intersection with the south line of that 80 foot wide parcel of land deeded for street purposes to the City of Portland * * *; thence south 89° 42′ 30″ east along the south line of said 80 foot street * * *."

Our most recent statement on this issue was in *Hurd v. Byrnes,* 264 Or 591, 598, 506 P2d 686 (1973):

"* * * We have assumed that in the absence of an express provision to the contrary the grantor, in conveying land described as bordering a street or stream, ordinarily intends to also convey his title to the street portion of the lot or to the bed of the stream. This rule of construction is also founded on policy considerations, including the prevention of vexatious litigation and the prevention of the existence of strips of land the title to which would otherwise remain in abeyance for long periods of time. * * *."

*Fahey v. City of Bend,* 252 Or 267, 449 P2d 438 (1969); *McAdam v. Smith,* 221 Or 48, 54-58, 350 P2d 689 (1960), are in accord.

*Cross v. Talbot,* 121 Or 270, 254 P 827 (1927), had facts very similar to those in the present case. The deed to the property adjoining the road described the property by metes and bounds and the boundary was at the edge of the road. We held the fee to the

center of the highway was conveyed when the grantor conveyed the property adjoining the road:

> "We are of the opinion, and we take it, that the weight of authority is to the effect that where the land described by metes and bounds actually abuts upon the highway, the grantee, in the absence of some clear intention of the part of the grantor to otherwise limit the description, will take to the center of the highway to the same extent that he would had the highway been actually mentioned as a boundary." 121 Or at 273.

ORS 93.310 codifies the common-law rule of construction relied upon in these cases. It provides:

> "The following are the rules for construing the descriptive part of a conveyance of real property, when the construction is doubtful, and there are no other sufficient circumstances to determine it:
> "* * * * *.
>
> "(4) When a road or stream of water not navigable is the boundary, the rights of the grantor to the middle of the road, or the thread of the stream, are included in the conveyance, except where the road or bed of the stream is held under another title."

Plaintiff relies upon *Lankin v. Terwilliger,* 22 Or 97, 29 P 268 (1892). In *Cross v. Talbot,* supra (121 Or at 276-277), the court said of *Lankin v. Terwilliger*:

> "* * * The case practically stands alone and without close examination of the transcript taken from the old files in this office, it is liable to be misleading. While we do not expressly overrule that case, it can only be considered with reference to the circumstances as they appear there. * * *."①

---

① The delicate treatment the court in Cross v. Talbot, 121 Or 270, 254 P 827 (1927), accorded Lankin v. Terwilliger, 22 Or 97, 29 P 268 (1892), may have been because Mr. Justice Robert S. Bean wrote the *Lankin* opinion and was a member of the panel sitting in Cross v. Talbot, supra.

We also are not certain of the implications of *Lankin v. Terwilliger,* supra (22 Or 97). It significantly differs from the present case, however, in that *Lankin,* the adjoining owner, was claiming an easement for access on a vacated street rather than fee title. Some of the considerations behind the rule concerning the fee of a vacated street are not present when an easement, rather than a fee, is involved.

In any event, *Lankin* does not control the decision in this case. Rather, this case is controlled by *Cross v. Talbot,* supra (121 Or 270), the cases previously cited, and ORS 93.310(4).[2]

The plaintiff contends that the trial court found as a fact that Hudson did not intend to convey any interest in Parcel B when it conveyed the property adjoining the street. Plaintiff further contends, if we cannot accept this finding because this is an equity case, that in trying the case de novo we should similarly find. Plaintiff argues that the description in the deeds to the adjoining property evidences an intention by Hudson not to convey its reversionary interest.

■ At least when the evidence of the conveying party's intention is the language in the conveyance, the party's intention is not to be decided as a question of fact. ORS 93.310 and our cases provide and hold that when a conveyance describes property as bordering on a street, absent an express provision in the conveyance to the contrary, such a conveyance includes the fee to the street.

Reversed.

---

[2] ORS 271.060(2) and 271.140 do not answer the question posed by this case.