**BELFAST WATER DISTRICT**

v.

**Glen R. LARRABEE, et al.**

**Jane M. ASKLOF, et al.**

v.

**BELFAST WATER DISTRICT, et al.**

Supreme Judicial Court of Maine.

Argued Oct. 5, 1989.
Decided Feb. 27, 1990.

Peter B. Bickerman (orally), David Lipman, Lipman & Katz, Augusta, for Larrabee, Asklof and Pierce.

Francis C. Marsano (orally), Eaton, Glass, Marsano & Woodward, Belfast, for appellee.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

ROBERTS, Justice.

In two consolidated actions, Glen Larrabee, Brenda Larrabee, Jane Asklof and Arleen Pierce, owners of land abutting a discontinued road, appeal a Superior Court (Waldo County, *Chandler, J.*) grant of summary judgment that gave the Belfast Water District (BWD) unrestricted access over the road to a parcel owned by the BWD and that permanently enjoined the appellants from interfering with the BWD's reasonable use of the road. The abutting landowners argue that the Court erred in ruling that the BWD's right of access over the road arose by statute and by a conveyance to the BWD from the City of Belfast. We agree and vacate the judgment.

In 1826 the Armstrong Road was created by the municipality of Belfast. In 1945 the Belfast City Council discontinued the road. This road forms the western boundary of land owned by appellants Glen and Brenda Larrabee, it forms the eastern boundary of the southern part of a parcel of land owned by appellants Jane Asklof and Arleen Pierce, and it is abutted on both sides by the northern part of the Asklof and Pierce parcel. The deeds for all of the parcels, including conveyances before and after the discontinuance of the road, describe the properties as bounded by the road. The BWD owns property north of the Asklof and Pierce parcel.

The BWD argues that Asklof, Pierce and the Larrabees did not obtain title to the road by deed because the discontinued road would be considered a private way, and under the common law a conveyance of land abutting a private way does not convey any part of the way itself. *Richardson v. Richardson*, 146 Me. 145, 78 A.2d 505 (1951); *Young v. Braman*, 105 Me. 494, 497, 75 A. 120 (1909). The BWD contends that, if the abutting landowners obtained title to the road by the operation of 33 M.R.S.A. §§ 460–69 (1988), they acquired the fee subject to an easement for the benefit of the BWD under amended section 460. We hold that the abutters obtained title to the road by deed and therefore the statute has no bearing on the rights of any of the parties.

■ Under the common law, if the road had not been discontinued, Asklof, Pierce and the Larrabees would have obtained title to the center line of the part of the road that abuts each of their parcels because a conveyance of land bounded by a public way, absent a contrary intent, conveys title to the center line of the way. *Franklin Property Trust v. Forsite, Inc.*, 438 A.2d 218, 223 (Me.1981); *Stuart v. Fox*, 129 Me. 407, 410, 152 A. 413 (1930), *appeal dismissed*, 284 U.S. 572, 52 S.Ct. 15, 76 L.Ed. 498 (1931). We hold that the same rule should apply to discontinued public ways because, as with conveyances of land bounded by public ways, absent a contrary intent, the grantor should not be

presumed to retain an interest that is a distinct benefit to the grantee. *See Stuart,* 129 Me. at 411, 152 A. 413; *Fahey v. City of Bend,* 252 Or. 267–70, 449 P.2d 438, 439 (1969); *see also* Annot., 49 A.L.R.2d 982 (1956). Our reasoning in *Bangor House v. Brown,* 33 Me. 309, 314 (1851), and earlier cases applying a different rule with reference to private ways, is simply not applicable in relation to discontinued public ways.

■ In the present case, the deeds conveying the abutting parcels after the road was discontinued used the very same descriptions as were used before the discontinuance. There is no indication that any grantor intended to retain title to the discontinued road. Therefore, Asklof, Pierce and the Larrabees did not obtain title to the road by the operation of 33 M.R.S.A. §§ 460–69, and their fee is not subject to an easement under section 460.

The BWD also argues that the City of Belfast conveyed the road to Asklof, Pierce, the Larrabees and the BWD by quitclaim deed. The City's deed conveyed nothing because the abutting landowners already had title to the road for the reasons stated above.

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring: