JOHN A. BURNHAM *vs.* KATHARINE P. HOYT.

Essex.   November 7, 1913. — January 8, 1914.

Present: RUGG, C. J., LORING, BRALEY, & DE COURCY, JJ.

*Deed.   Boundary.   Seashore.*

In a description of a parcel of land a boundary "by the ledgy shore" names a monument, which controls a distance of "about thirty five feet, more or less," that falls short of the shore from thirty to twenty feet, especially where the description by any interpretation contains one or more blunders.

A boundary of land "by the ledgy shore" in a deed in which the grantor reserves to himself the right to take stones from "the ledgy shore and beach" passes the title to low water mark, the reservation showing such an intention on the part of the grantor.

LORING, J.   The judge of the Land Court decided that the beach was included in the following description of a parcel of "land and

rocks" situate in Marblehead, namely: "Beginning at the stone bound at the westerly corner of the parcel of land and rocks before described and thence running southerly on the before mentioned line ranging to the easterly corner of my said wharf and thence extends on said line about thirty five feet, more or less to the edge of the water or creek there thence turning nearly a right angle and running southeasterly and easterly by the ledgy shore and creek curving round at its most easterly part and extending to the southerly corner of the parcel of land and rocks before described, and thence turning, nearly a right angle and running northwesterly by the southwesterly boundary of the before described parcel of land and rocks one hundred feet more or less to the stone bound and easterly corner of the intended new street first above named and described."

There is no dispute as to the location of the point of beginning. It is the contention of the petitioner (first) that after running thirty-five feet in a southerly or southwesterly direction from the point of beginning, the boundary line turns at a right angle and runs in a southeasterly direction to the line of low water, and thence in a northeasterly direction to the southerly or southwesterly boundary of the first parcel conveyed by the same deed; and (second) that in any event the lot stops on the south or southwest at the line of high water.

In considering the construction of the description of the parcel in question reference to other parts of the deed is necessary, and the whole material portion of the deed is set forth in a note.*

---

* "KNOW ALL MEN BY THESE PRESENTS, that I, William D. Gregory, the second, of Marblehead, in the County of Essex and State of Massachusetts, mariner, in consideration of three hundred dollars to me paid by Jeremiah W. White of Nashua, in the County of Hillsborough and State of New Hampshire, merchant, the receipt whereof is hereby acknowledged, do hereby give, grant, bargain, sell and convey unto the said Jeremiah W. White and his heirs and assigns forever all that a certain parcel of land and rocks situate by the Harbor in the southwesterly part of said Marblehead, together with all the privileges and appurtenances properly belonging to the premises, said parcel of land and rocks is bounded and described as follows: .Beginning at a post somewhat daubed with paint by land of William Tucker, ten feet and six inches from the westerly corner of the same, and thence running southeasterly by said land of Tucker one hundred and eight feet more or less to the harbor; thence running southwesterly by the harbor one hundred feet more or less;

The fatal objection to the petitioner's first contention is that the lot in question goes to and is bounded "by the ledgy shore" on the southwest. In the teeth of that fact the petitioner makes the contention that the lot stops short of the "ledgy shore," and that its southerly or southwesterly boundary line is a line some thirty to twenty feet short of the "ledgy shore."

It is true, as the petitioner insists, that thirty-five feet from the point of beginning brings the end of the westerly or southwesterly boundary line to the head and not to the mouth of the narrow creek which at that time ran up into the land as is shown on the chalk or sketch plan used by the petitioner at the argument and

---

thence running northwesterly from the harbor by other land and rocks of me the said Gregory hereinafter conditionally conveyed one hundred feet, more or less to a stone bound which bound is to form the easterly corner of a new street of the width of thirty five feet and to run from Gregory Street in a southeasterly direction on a line parallel with land formerly of Hidden and now of Merrill, and said land of Tucker and one hundred feet distant therefrom on its northeasterly side and thence running northeasterly from said stone bound by other land of me the said Gregory one hundred feet to said daubed post by land of said Tucker, being the bounds first begun at. This last line of boundary ranging from said post on a straight line through or over said stone bound to the easterly corner of the wharf of me the said Gregory. Also a piece of land and rocks situated by and adjoining to the southwesterly bounds of the parcel of land and rocks herein before described and is bounded and described as follows: Beginning at the stone bound at the westerly corner of the parcel of land and rocks before described and thence running southerly on the before mentioned line ranging to the easterly corner of my said wharf and thence extends on said line about thirty five feet, more or less to the edge of the water or creek there thence turning nearly a right angle and running southeasterly and easterly by the ledgy shore and creek curving round at its most easterly part and extending to the southerly corner of the parcel of land and rocks before described, and thence turning, nearly a right angle and running northwesterly by the southwesterly boundary of the before described parcel of land and rocks one hundred feet more or less to the stone bound and easterly corner of the intended new street first above named and described. But I hereby reserve to my self the right and privilege of passing to over and from said parcel of land and rocks now hereby conveyed and of quarrying and using the ledgy shore and beach of the same for the purpose of taking all the rocks and stones therefrom which may be necessary for the building of a pier or breakwater from the premises to Crafts rock ledge lying off the same for the protection of my said wharf, at any time in the course of twenty years from the date of this deed and no longer.

"To Have and To Hold" etc.

here reproduced. But monuments govern distances, and the
"ledgy shore" is the monument which fixes the boundary of the
lot on the south or southwest.

This means of course that there was a blunder in the description.
But this is not the only blunder in it. The westerly· or north-

westerly boundary line is described as beginning at the stone
bound about which there is no dispute; the description goes on in
these words: "thence running southerly on the before mentioned
line ranging to the easterly corner of my said wharf and thence
extends on said line about thirty five feet, more or less to the edge
of the water or creek there thence turning nearly a right angle,"

etc. On no hypothesis can the words "and thence extends on said line" be explained except that they were tautological or that there was a blunder in this part of the description. It is somewhat singular that what is missing in the westerly or northwesterly boundary are words which would bring the end of that boundary line to the mouth in place of to the head of the creek. That is to say, what is missing is a statement that the line which begins at the point of beginning and runs thirty-five feet "to the edge of the water or creek there" "thence extends on said line" to the "ledgy shore." There is a second blunder in the statement that the southerly boundary line is "the ledgy shore and creek." The judge of the Land Court found that there was no creek except the creek shown on the chalk or sketch plan mentioned above which is the missing part of the west or northwest boundary of the parcel if the parcel goes, as it does go, to the "ledgy shore." We refer to these facts not because by changing the position of the words in the description it is possible to patch up the missing link in the description of the westerly or northwesterly boundary, but to reinforce the conclusion that the parcel does go to the "ledgy shore" by showing that there are one or more blunders in the description in any view which is taken of it. We are therefore of opinion that the petitioner's first contention is not tenable.

In our opinion the petitioner's second contention also is not tenable, namely, that the parcel being bounded on the southwest "by the ledgy shore," stops at high water mark.

By the clause next succeeding the description of the parcel of "land and rocks" here in question, the grantor reserved to himself "the right and privilege of passing to over and from" the parcel here in question, "and of quarrying and using the ledgy shore and beach of the same for the purpose of taking all the rocks and stones therefrom which may be necessary for the building of a pier or breakwater from the premises to Crafts rock ledge lying off the same for the protection of my said wharf."

It was decided in *Storer* v. *Freeman*, 6 Mass. 435, that land bounded on the "shore" goes to the line of low water if the context shows that to have been the intention of the grantor. This was affirmed in *Haskell* v. *Friend*, 196 Mass. 198, where the intervening cases are collected. In the case at bar the grantor reserved to himself the right to take stones from "the ledgy shore

and beach." If "the ledgy shore and beach" had not passed to the grantee there was no necessity for, nor could there be, a reservation of this right in the grantor.

These considerations dispose of the exceptions taken by the petitioner to the refusal of the judge of the Land Court * to make the nine "findings" requested by him.

The entry must be

*Exceptions overruled.*

*E. L. Dresel,* (*W. Rand* with him,) for the petitioner.

*F. Rackeman,* (*F. Brewster* with him,) for the respondent.

---

* *Davis,* J., upon the hearing of a petition, filed on June 27, 1912, for the registration of the title to certain land at Marblehead.