JOHN HENNESSEY *vs.* OLD COLONY & NEWPORT RAILROAD COMPANY.

One who grants land as bounding on a street, and owns the strip of land so described as a street, cannot be compelled in ˙equity, at the suit of the grantee, to open and maintain the strip as a street fit for travel.

BILL IN EQUITY praying for specific performance of an agreement to open and maintain a strip of land as a street fit for travel. Hearing before *Colt*, J., who made a report of the case of which the material part was as follows:

The defendants sold at auction certain lots of land in Boston, belonging to them. A plan was exhibited before and at the sale. The plaintiff at the sale bought two lots, and these lots were conveyed to him by the defendants by a deed which described the premises conveyed, as bounded running southeasterly "to a private way or street, twenty-five feet wide; thence turning at a right angle, and running northeasterly on said private way or street seventy-nine and $\frac{77}{100}$ feet," and as "being lots numbered five and six on said plan." On the plan a strip of land twenty-five feet wide marked "street" extended northerly from First Street, a street of the city of Boston, to Federal Street, another street of said city, and ran past the southeasterly side of lots five and six, and several other lots. This strip of land belonged to the defendants, but had never been made a street, though "it had been left open from First Street as far northerly as lots five and six extended, but was there barred by a fence."

The plaintiff contended that the defendants were bound to open and maintain as a street, all that strip of land which was marked "street," and to fit the same for travel as a street. The defendants denied that they were bound to do so.

*J. C. Park*, for the plaintiff.

*C. F. Choate*, for the defendants.

AMES, J. The deed, under which the plaintiff claims, describes the lots of land conveyed by it as bounded, on one side, on a private way or street, twenty-five feet wide. It also refers to a plan which shows the general course and limits of the street.

The defendants, who were his grantors, owned the adjacent land described in the deed as the way or street.

It was held in *Parker* v. *Smith,* 17 Mass. 413, and also in several more recent cases, that such a form of expression in a deed is " not merely a description, but an implied covenant that there is such a street." It has also been decided that the descriptive words as to the street, particularly if the deed refers to an accompanying plan of lots and streets, are not to be understood merely as signifying that the street in question is coextensive with the lot conveyed, but that its extent, direction and termini are to be such as are delineated on the plan or otherwise indicated by the deed. *Thomas* v. *Poole,* 7 Gray, 83. But even under the rule adopted in *Parker* v. *Smith,* the description of a street as a boundary was not understood to be an assurance or implied covenant that it had been constructed, and put into a condition for present use as a passageway. *Loring* v. *Otis,* 7 Gray, 563. Still less would it impose upon the grantor any obligation to proceed to grade and construct it at his own expense. The most that could be said would be, that it amounted to an appropriation, or setting apart, of a portion of the adjacent land, to that use.

But in the recent case of *Howe* v. *Alger,* 4 Allen, 206, the subject has been carefully and ably reëxamined by Mr. Justice Dewey, and on a review of the decisions it is now established that " the whole extent of the doctrine is, that a grantor of land, describing the same by a boundary on a street or way, if he be the owner of such adjacent land, is estopped from setting up any claim, or doing any acts, inconsistent with the grantee's use of the street or way." Under this rule, it is difficult to find in the plaintiff's deed anything, in relation to the street, that can be said to be in the nature of an executory contract, which could be the proper subject for a decree for specific performance. In one sense the deed operates as a conveyance of a right of way over the street; that is to say, the grantors and all claiming under them are estopped to deny the existence of the street, or do any act inconsistent with the plaintiff's use of it as such. But the plaintiff's right is in the nature of an executed grant.

He holds under a conveyance which has taken full effect, and which contains no stipulation or assurance that the grantors are to do anything, at any time after the date of the deed, to add to what has been actually conveyed, or to render it more effective.

It will be found, on examination of the cases, that the question, as to the rights of the grantee in a street named in a deed as a boundary, is usually raised in an action of tort, brought by one of the parties against the other, for erecting or removing a fence or other obstruction in the way. No case has been pointed out to us in which an action has been maintained against the grantor on the ground that such a deed is substantially a covenant or promise to open and maintain a street. The plaintiff's rights can be vindicated in some form of action, but he is not entitled to the remedy which he seeks by this bill.

*Bill dismissed.*