ROBERT GAW vs. MARTIN HUGHES.

SAME vs. ALEXANDER WELCH.

A deed described the premises conveyed as bounded " on the southerly side of a pro-
prietor's way, thence running westerly by said way to a stake by the side of said way.'·
The grantor owned the land called " a proprietor's way." *Held,* that the grantee had
a right of way over said land.

Two ACTIONS OF TORT for obstructing a private way called
Cherry Street Place, in Newton, by digging a ditch therein. In
the declaration in each case the first count alleged that the plain-
tiff was seised in fee of one half of Cherry Street Place, the second
count alleged that he had a right of way in said place. Both cases
were tried together in the Superior Court, before *Rockwell,* J.;
the judge directed the jury to return verdicts for the defendants,
and the plaintiff alleged exceptions. The cases are stated in the
opinion.

*I. D. Van Duzee* for the plaintiff.

*N. B. Bryant,* for the defendants.

BY THE COURT. The lots of the plaintiff and of the defend-
ants were parts of a large tract of land formerly owned by John
Ayers. `He divided it into lots and laid out a " proprietor's way "
now called Cherry Street Place, and afterwards sold the lot now
owned by the plaintiff to Michael Manning. The material part
of the description of the lot in the deed to Manning is as follows :
" beginning at the northeast corner thereof, and on the southerly
side of a proprietor's way, thence running westerly by said way
and crossing a ditch two hundred and thirty-four feet to a stake
by the side of said way."

By this deed a right of way over the " proprietor's way " passed
as appurtenant to the land conveyed to Manning. *Tufts* v.
*Charlestown,* 2 Gray, 271. The plaintiff having Manning's title
may maintain an action of tort for obstructing his right of way,
and can recover upon his second count if he proves that the de-
fendants obstructed the way. The question whether the acts of
the defendants interfered with the plaintiff's use of the way anu

amounted to an obstruction, was a question of fact and should have been submitted to the jury. *Meehan* v. *Barry*, 97 Mass. 447. *Exceptions sustained.*