Brizzalaro v. Senour, &c.

CASE 59—ESTOPPEL—OCTOBER 18, 1884.

| 5r | 353 |
| 86 | 108 |

# Brizzalaro v. Senour, &c.

| 82 | 353 |
| d132 | 493 |

APPEAL FROM KENTON CIRCUIT COURT.

Arnold conveyed to Barbaro a lot of ground by metes and bounds, among other lines, running back sixty-five feet to a ten-foot alley. Afterwards, Arnold conveyed to Mrs. Boyd the adjoining lot, including the alley. There had been no dedication of the alley for public purposes.

1. *Held*—The recitals of the deed to Barbaro are sufficient to estop A., the grantor, from denying the use of the alley to Barbaro and his vendees; but as to Mrs. Boyd and her grantees, being strangers to the first conveyance, there is no estoppel, and they hold the title to the alley.

2. A mere reference in a deed to an intended way, in the absence of an express grant, will not pass the way.

I. F. AND C. H. FISK FOR APPELLANTS.

1. A recital in a deed as to existing facts estops the maker and his subsequent vendees and privies in contract from denying his assertions in his deed.

2. Appellant can not be considered a stranger to the Barbaro deed. (Wickliffe v. City of Lexington, 11 B. Mon., 163, 155; 4 Kent, 473, 480, 12th edition. 480, note b; Harvy v. Frost, 10 Rich. (S. C.) Equity, 109; DeForrest v. Byrne, 1 Hilt. 43; Parker v. Smith, 17 Mass., 413; Livingston v. Mayor of New York, 8 Wend., 85; Taylor v. Hepper, 2 Hun., 646; 62 N. Y. (17 Sick), 649; Spencer's Case, 1 Smith Leading Cases, 7th Amer. Ed., 141, 136, notes 165, 166; Brew v. Van Deman, 6 Heisk (Tenn.), 433; Hill v. Miller, 3 Paige, 254; Brewster v. Kitchell, cited in 1 Sm. Leading Cases, 166; Thomas v. Poole, 7 Gray, 83; 2 Bouvier Law Dict., title "Privity," 376; title "Privity of Estate;" 1 Greenleaf on Evidence, section 189; Stacey v. Thrasher, 6 How. (U. S.), 59; Doughty v. Greer, &c., page 40 of our original brief; Ballard, trustee, &c., v. Gleason, page 41. same brief; Elizabethtown and Paducah Railroad Co. v. Thompson, 79 Ky., 56, 58.)

J. C. BENTON FOR APPELLEE.

1. Purchasing property referred to in the recitals of a deed from the grantee of one of the parties does not make the purchaser privy to the deed.

2. Estoppel simply precludes the parties, between whom it operates, from denying statements or admissions previously made by them.

3. A covenant is an agreement and a recital is merely an estoppel. (3

vol. lxxxii.—23

Wash. Real Prop., 319; 14 Pick, 224, 221; 24 Me., 35; 2 *Ib.*, 176; 10. Mo., 34; 2 Met., 619; 9 Ga., 23; 2 McLean, 412; Walk. Am. Law, 358; 4 Kent, 174; Story's Eq. Ju., 403; 6 Pick, 85; Herman on Estoppel, 251; 68 N. Y., 346; 72 Mo., 441; Wash. Real Prop., 91; 8 M. & W., 212; 22 Am. Law Reg., 703; 14 Cal., 612; 11 How., 322; 6 Bing.; 117; 1 Johnson Cases, 90; 3 *Ib.* 108; 1 Grant's Cases, 243; 4 Wend, 623; 5 N. H., 533; 47 Penn. Stat., 423.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant, Brizzalaro, instituted this action, obtaining an injunction and seeking to recover damages of the appellee for obstructing an alley by building upon it, which is alleged was granted to his vendors by one Arnold, the original owner of the estate, and under whom it is alleged both the appellant and appellees claim.

The law and facts were submitted to the court and a judgment rendered for the defendants.

Arnold, the original owner of the ground in controversy, on the fifteenth of January, 1867, executed to one Barbaro a conveyance to a certain lot of ground in the city of Covington, defined by metes and bounds, and designating one of the lines in the following manner: "Thence northwardly with the east line of said bridge company sixty-five feet to a ten-foot alley (which extends from the east line of the said bridge property to Greenup street, running parallel with said Second street), thence eastwardly," etc.

The ground described in this conveyance was subsequently sold for the purchase money and purchased by the appellant, Brizzalaro, and a conveyance containing the same boundary made to him by the commissioner of the Kenton Chancery Court. He is now claiming under Barbaro's deed.

The testimony shows that at the date of the convey-

ances no such alley had been actually laid out on the ground, nor was it indicated by any plat or map. Arnold conveyed the adjoining property to Mrs. Boyd, including this alley, and she conveyed it to the appellees. The conveyance to Mrs. Boyd was made subsequent to the conveyance to Barbaro. The premises of Barbaro have a front and side entrance, and the decided weight of the testimony is, that no such alley had been laid out in fact, or on any map or survey by Arnold, who owned the entire property before he executed the conveyances to these parties. After Barbaro purchased and erected his buildings, the rear of the premises was not used as an entrance until a year or two before this suit was instituted. The alleged alley divides the premises of appellee and renders the ground useless for the purposes for which the purchase was made.

There is but little, if any, testimony establishing the right of the appellant to the use of the ground as a passway, and the entire case must depend upon the construction given the conveyance by Arnold to Barbaro. If by the terms of that instrument the easement is conveyed, it settles the question. It does not appear from whom Arnold derived title, and therefore the right to the use of the alley by the appellant is derived alone from Arnold's conveyance to him. It is clear that this ground in controversy was never dedicated to public use. The recitals in the conveyance to Barbaro did not amount to a dedication, nor is it pretended that there was any such use as gave to the public the right of way.

The plaintiff (the appellant) alleges in his petition that the existence and convenience of that alley formed a part of the consideration for the purchase, and it may

be that the recitals in the conveyance would estop·
Arnold, his heirs and privies from controverting appel-
lees' right to the way. The question, however, pre-
sented in this case is : In what manner is the appellee,.
who purchased other land from Arnold not embraced
in the grant to Barbaro, affected by this estoppel on
Arnold, conceding for the purpose of this case that
such a recital works an estoppel? The appellee does
not claim to hold under the deed to Barbaro, nor was.
.there any deed made to Arnold, the vendor of both
these parties, containing such a recital. Appellee is
therefore a stranger to the conveyance, and, although
purchasing from the same vendor, can only be affected
by the terms of the grant to Barbaro. If that granted
the right of way over this ten feet of ground, the deed
to Barbaro, having been first executed and recorded, is.
notice to the appellee of the existence of the right. In
Thomas v. Poole, 7 Gray, the boundary described was
"by a new way or street now staked out *and to be
opened by the grantor thirty feet wide*," was construed
to be a covenant that the way shall be opened as staked
out, and that the deed, duly recorded, was notice to
subsequent purchasers from the grantor.

There was at least a covenant on the part of the
vendor to open this street, the language of the convey-
ance plainly importing an obligation upon him to do
so. It was also held in the case of Tufts v. The City of
Charlestown that a conveyance of land bounding on a
passageway of two rods wide, *which* is to be laid out
between the premises and land of A., the grantor, *to*
make and maintain all the fence between the passway
and the premises, estops the grantor and those claiming
under him to deny the existence of the passway.

In the case of Parker v̇. Smith, 17 Mass., there was an express grant of the privilege in all the ways or streets to be laid out in the new settlement, to be used in common with the other owners of the lots in this new settlement, and some of the ways described. It was held in that case that an implied covenant existed that there was a way, as described in the deed, although not then in existence.

In all of these cases there is something more in the conveyance than the mere recital as to the boundary.

Here the extent of the calls of the appellant's deed is "to a ten-foot alley (which extends from the east line of said bridge property to Greenup street, running parallel with said Second street), thence eastwardly with south line of said alley forty-eight feet, thence at right angles southwardly sixty-five feet, to Second street, the place of beginning."

It is a mere recital in the conveyance that an alley exists at a particular place, when such is not the fact; and may operate to prevent the grantor from controverting the fact that such an alley is in existence. It amounts to nothing more than an estoppel, and is not a grant of the alley or the easement, as appurtenant to the premises. Such an alley appears on no plan or map, was never laid out on the premises by any survey, and the language used can not be tortured into an express or implied grant. The grantor may have designed to open this alley and nothing more, or this intention on his part may have constituted a part of the consideration of the purchase as between the parties to the conveyance, yet if there is not a grant of the land constituting the alley, it can not affect an innocent purchase, although recorded.

When parties enter into written agreements respecting the title to realty, it is easy for them to express its terms in language so plain as not to mislead others, and a court ought not, as against a third party, imply a grant unless such must be the necessary conclusion from the language used.

The grantor, Arnold, may not be permitted to deny what he has stated in his deed, although untrue, but this does not amount to a grant. The issue, as between the grantor and the grantee, in this case, if there were no parties before the court but Barbaro and Arnold, would be not as to whether the way in fact exists, but is the grantor estopped to deny that fact.

The recital in the deed is simply an admission that certain facts exist, and whether true or false is not material, or the subject of inquiry, as between the parties.

If Arnold has conveyed his interest to Barbaro and the latter's deed of record, this would affect any subsequent purchaser from Arnold. A mere recital, while it may work an estoppel, neither vests nor divests the title, but does preclude the party making it from denying what he has stated. The appellee was neither a party nor privy to the conveyance from Arnold to Barbaro.

Washburn says that "a deed duly recorded is constructive notice of its existence and its contents, to all persons claiming *what is thereby conveyed* under the same grantor by subsequent purchase or mortgage, *but not to other persons.*"

Appellee is claiming to have purchased his land of Arnold, but he is not claiming under the deed in which

these recitals appear. If Arnold, the common grantor, when purchasing this entire property, had inserted in his conveyance recitals that would work an estoppel, then it would affect all who purchased from him. An estoppel affects parties and privies, but not strangers. The original grantor owning in fee this entire block, having sold a part to A., another to C., and another to B., the latter purchasers would not be affected by a recital in the deed to A., unless it amounted to a grant.

All are not privies when purchasing different tracts of land, because they happen to claim under the same grantor. Parties and privies mean the parties and privies to the particular conveyance. The grantees of Barbaro are not privies to Mrs. Boyd's deed, nor Mrs. Boyd's grantees privies to Barbaro's deed. They are privies to Arnold, but only as to the property conveyed by their respective grants.

In Harding v. Wilson, reported in 2 Bam. & Cress., English Common Law, the lease of the premises described therein as abutting on an "intended way of thirty feet wide," it was held not to constitute a grant, but a mere intention to open a street of that width. All the judges so agreed, but said that the lessee was entitled to a passway as matter of necessity, but the lanluage used did not control the action of the lessee, so a convenient way was left. In Hopkinson v. McKnight, 31 Newberry, the description in the deed bounded the lot "a certain length on an *eight*-foot alley, and a certain additional length along said alley and street; said street being thirty feet wide; neither were open or used."

It was held that this language did not amount to a grant of a way or a covenant to that effect. Whether this case has gone too far in denying the remedy sought is not necessary to be decided. "A mere reference in the deed to an intended way, without an express grant, will not pass such way." (Washburn on Easements, page 225, 2d edition.)

The only question, it seems to us, in this case is: Are the appellants affected by the constructive notice, viz: the recording of the conveyance? If privies to the deed, it might be argued that they are purchasers with notice, but being strangers to the conveyance under which appellee claims, the recitals in the deed do not conclude them, although they have purchased from the same grantor. As to the dedication of this property for public use, there is no proof of that fact or of its acceptance by the city, nor does the appellant, by his petition, place his right of recovery on that ground, but for the reason, as he maintains in his pleading if not in his brief, that the right to the easement passed by the deed from Arnold to Barbaro, through whom appellant claims.

The judgment below must be affirmed.