### AMERICAN STEEL FOUNDRIES v. SIBLEY SOAP CO.

(Circuit Court of Appeals, Third Circuit. January 17, 1921.)

No. 2572.

1. **Easements ⟨key⟩17(2)—Estoppel ⟨key⟩32(1)—Conveyance of land described as abutting on street creates easement therein concluding grantor.**

    Under the law of Pennsylvania, a grantee of land, the boundaries of which were described as beginning at a point in the east side of a 40-foot street, and also as running to such east line, and thence by the east line of such street, etc., acquired an easement or right of way in the street, of which the grantor could not deprive him by a subsequent deed to a third party of the strip of land embraced in the street.

2. **Easements ⟨key⟩21—Conveyance held not to charge grantee with notice that agreement with third person prevented implied easement in street.**

    A deed describing the boundary of the land as beginning at a point a specified distance from the northeast corner of land bargained to be sold by the grantor to a third person, the said point being the east side of a 40-foot street as agreed on by the third person with the grantor, did not charge the grantee with notice that such agreement in any way avoided his implied easement in the street.

3. **Easements ⟨key⟩21—Right determined by reference to deed, when agreement affecting it not in evidence.**

    Assuming that a deed charged the grantee with notice that an agreement between the grantor and a third person avoided the implied easement in a street by reference to which the land was described, the right to the easement was to be determined solely by reference to the deed, where the agreement was not in evidence and its contents were not revealed.

4. **Evidence ⟨key⟩230(3)—Subsequent declarations of grantor as to nature of agreement not evidence against another grantee.**

    Where land was conveyed as abutting on a street, declarations by the grantor in later deeds as to the nature of his agreement with a third person concerning the street were not proof of the contents of the agreement.

5. **Easements ⟨key⟩17(2)—Estoppel ⟨key⟩32(1)—Implied easement of grantee in street not affected by subsequent deeds of grantor.**

    Where a deed described land as abutting on a 40-foot street as agreed on by the grantor with a third person, declarations of the grantor in

───────────

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

later deeds as to the nature of the agreement with such third person could not affect the easement of the grantee under the earlier deed.

Appeal from the District Court of the United States for the Western District of Pennsylvania; W. H. Seward Thomson, Judge.

Suit by the Sibley Soap Company against the American Steel Foundries. From a decree for plaintiff, defendant appeals. Affirmed.

Samuel McClay and Reed, Smith, Shaw & Beal, all of Pittsburgh, Pa., Pam & Hurd, of Chicago, Ill., and J. S. Carmichael, of Franklin, Pa., for appellant.

A. B. Jobson and George S. Criswell, Jr., both of Franklin, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In this case, the Sibley Soap Company filed a bill in equity in a state court against the American Steel Foundries, to restrain the steel company from obstructing, by building, the soap company's use of a street abutting on its property. On petition of the steel company, alleging it was a corporate citizen of New Jersey and the soap company of Pennsylvania, the case was removed to the court below. On final hearing, that court granted the injunction prayed for, whereupon the steel company took this appeal.

The question involved is one of title and easements vested under certain deeds from a common grantor to both parties, and the determination of that question turns on the application to those deeds of the decisions of the Supreme Court of Pennsylvania. Stated in general terms, the law of Pennsylvania is that, where an owner of lands grants a part of it, and designates as a boundary of the part sold a street on the part of the land which he retains, a right of way or easement to such street or way passes to the grantee by operation of law and the grantor cannot thereafter be heard to say no such street exists. In that connection, it suffices to refer to In re Opening of Brooklyn Street, 118 Pa. 646, 12 Atl. 666, 4 Am. St. Rep. 618, where it is said:

"If the question were one between a grantor and grantee, and involved a right of way over the street upon which the land conveyed bordered, of course the grantor must make good his covenant that there was a street corresponding with the one described in the deed. But that is the law, not upon the theory of a dedication to public use, but upon the implied contract between the parties. As between them, every consideration requires that if the ground conveyed is described as bordering upon a street, the street should be there in compliance with the description."

Such being the law of the state, it is shown that Grimm, the common source of title of both plaintiff and defendant, by deed dated December 16, 1897, conveyed to the predecessors in title of the Sibley Soap Company, a lot of ground:

"Beginning at a point south 85 degrees 10 minutes and 50 seconds east, 25 feet from the northeast corner of land bargained to be sold by Daniel Grimm to the Franklin Steel Casting Company, *the said point being the east side of a 40-foot street as agreed upon* by said company with said Grimm; * * * thence south 86 degrees 15 minutes 10 seconds west 73.9 feet, to the *east line of said 40-foot street;* and thence *by the east line of said 40-foot street,*" etc.

[1] This description located the western line of the lot sold as abutting on the east line of the 40-foot street. This deed the purchaser recorded on December 22, 1897. Under the then adjudged law of Pennsylvania, the grantees of said lot acquired thereby an easement or right of way of which the grantor could not, and did not, deprive them, when, by his deed of November, 1900, he conveyed to the predecessor in title of the American Steel Foundries all his interest and title to a 20-foot strip of land which abutted the western line of the soap company's lot, which strip was the locus in quo from building on which the plaintiff sought, by his bill, to restrain the defendant. On the face of their deeds and under the decisions of Pennsylvania, the court below was right in holding the easement or right of way of the plaintiff to this 20-foot street strip was established and paramount to any subsequent grantee from Grimm. The soap company's deed was prior in time and prior on record, and must therefore prevail, unless the force of such prior deed and record is in some way avoided.

[2] This the defendant seeks to do by charging the plaintiff with notice of an earlier agreement on the part of Grimm, referred to in his deed to the plaintiff's predecessor already quoted, viz.:

"The northeast corner of land bargained to be sold by Daniel Grimm to the Franklin Steel Casting Company; the said point being the east side of a 40-foot street as agreed upon by said company with said Grimm."

We find nothing in this language which in any way warned the grantee that such agreement in any way avoided the implied easement, which the deed was granting. On the contrary, the language in every way supported and assumed the existence of a 40-foot street, and that in bargaining to sell to the Franklin Steel Company land on the western or opposite side, Grimm had left a 40-foot street whose west line abutted *on* the east line of the land sold to the Franklin Steel Company.

[3-5] But, assuming the words quoted gave notice to the grantee of the deed of an earlier and adverse agreement, the agreement itself was not given in evidence or its contents revealed on the trial of the case. Hence the court below had in the end nothing but Grimm's earlier deed before it, and the effect to be given to his own language in a contest between him and his grantee, over the easement claimed. Manifestly, any declarations made by Grimm as to the nature of said agreement in later deeds he made were neither proof of the contents of the agreement nor could such later deeds in any way affect Grimm's earlier grant.

The judgment below is affirmed.