CLARA A. HILL *vs.* WARNER V. TAYLOR & another.

Barnstable.    October 8, 1936. — December 1, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Deed*, Construction. *Boundary*. *Way*, Private: creation, location, as boundary, extinguishment.

Subsidiary facts, found by a judge of the Land Court at the hearing of a petition for registration of the title to certain land, warranted a decision by him that a boundary of the land stated in a deed as being on a private way called Cedar Avenue was on a travelled way then existing and not on a way designated by the same name on a plan, which was not referred to in the deed and was not known to the grantee before it was recorded seventeen years after that deed accompanying another deed by the same grantor granting a right of way shown thereon, and which was not made from a survey nor intended as a location of the avenue.

A deed of a right of way contained recitals in substance that on account of the location of the grantee's land he was unable to reach a public way in any other way and that it was "possible" that the grantee or his heirs or assigns might later acquire adjacent land and construct over it a way to the public way, and the grant was made on the condition that in the event the grantee or his heirs or assigns "shall ever construct" such a driveway to the public way over land owned by them, they should release to the grantor, his heirs or assigns the right of way granted in the deed. Later, the grantee conveyed his land

and, by specific reference, the right of way, to the owner of adjacent land which bounded on the public way. No new driveway was constructed. *Held*, that the right of way granted was not one of necessity which ceased upon the removal of the necessity; that, no new driveway having been constructed, there was no obligation to release the right of way granted; and that that right remained in the successor in title to the original grantee.

PETITION, filed in the Land Court on October 2, 1928, for registration of the title to certain land in that part of Falmouth known as Megansett, and to a right of way over Cedar Avenue.

In the Land Court, the petition was heard by *Davis*, J.

From deeds in evidence, it appeared that one Mary Donkin on February 9, 1903, owned land in Megansett through which ran a private way called Cedar Avenue. This way followed a course curving northwesterly and then returning westerly, from a public way on the southeasterly side of the land, designated as the boulevard in the decision of the judge of the Land Court, to highwater mark of Current River on the northwesterly side. On that date she conveyed land south of the way to her sisters-in-law, bounding it beginning "at a stake on the southerly line of Cedar Avenue . . . to a stake on said line of said Avenue; thence along said line to the place of beginning." While the *habendum* clause of the deed purported to convey "all the privileges and appurtenances thereto belonging," there was in the deed no specific grant of a right of way over Cedar Avenue. This parcel is the one designated as parcel one in the decision of the judge of the Land Court. On February 19 of the same year, Mary Donkin conveyed to one Noyes the land designated as parcel two in the decision of the judge of the Land Court, which lay to the south of the parcel above described. This parcel bounded on its southwesterly side over seventy-eight feet on Cedar Avenue and over thirty-nine feet on its southeasterly side on the boulevard. In 1908, it was conveyed by Noyes to one Irving and on January 16, 1923, by Irving to the petitioner.

On August 25, 1920, Mary Donkin conveyed to her sisters-in-law, by the deed described in the decision of the

judge of the Land Court, a right of way, describing it by
reference to a plan. This plan bore no date, but it was
recorded with the deed. At this time, Mary Donkin owned
the fee to Cedar Avenue. This deed was not recorded until
September 8, 1920. On that same date was recorded the
deed of parcel one by the sisters-in-law of Mary Donkin to
the petitioner, which was dated September 7, 1920. This
deed specifically conveyed the right of way, just granted
to the grantors therein, over Cedar Avenue by reference to
the deed and plan which were recorded therewith. It
bounded the parcel on the southerly line by Cedar Avenue.

On September 15, 1923, Mary Donkin conveyed to the
respondent land bounded "Southerly by land of Williard
Hill." Williard Hill was the husband of the petitioner. In
the deed there is no reference to Cedar Avenue by that
name.

Material portions of a decision filed by the judge of the
Land Court are quoted in the opinion. The respondent
alleged exceptions to certain of his findings and rulings.
The bill of exceptions sets forth, as issues raised thereby,
the following:

"No question of law relating to title of said" third lot
described in the opinion "is raised by this bill of excep-
tions. . . .

"One controversy at the trial in the Land Court related
to the location of Cedar Avenue wherever it is mentioned
in the instruments and on the plans to which reference has
been made above. According to the facts found by the de-
cision above mentioned, Cedar Avenue as shown on the
filed plan is substantially in the location of the old road to
the wharf from the Boulevard to the shore indicated as
'Travelled Way,' but it is not public and no other parties
have rights in it except the parties to this case. . . . The
petitioner claimed that her land was bounded by the
southerly, southwesterly and southeasterly line of 'Cedar
Avenue as travelled.' The respondent claimed that the
petitioner's land was bounded by the southerly, south-
westerly and southeasterly line of 'Cedar Avenue as shown
on plan filed in registry of deeds.' The decision of the

Land Court was that the petitioner's land was bounded by the southerly line of 'Cedar Avenue as travelled.'

"The other point of controversy related to the rights of way or easements over said respondent's land which are appurtenant to the petitioner's land. The petitioner claimed that her rights of way in Cedar Avenue on respondent's land as above defined on the filed plan were derived from deeds which bounded her lots on an existing way and upon the Mary W. Donkin deed of [August 25,] 1920, . . . which granted an easement as appurtenant to the house lot and which incorporated the aforesaid Hayward plan then recorded.

"The respondent claimed that the petitioner's only right of way from the house lot to the highway as appurtenant to her house lot depended on said last-mentioned Donkin deed of 1920; that said deed should be construed as giving merely a right of way by necessity; and that such right ceased upon the petitioner's acquisition of the garage lot under circumstances outlined in the decision. The respondent also claimed that the petitioner has no right of way as appurtenant to her garage lot which fronts upon the Boulevard for forty feet, more or less."

*V. Taylor,* (*C. M. Ganson* with him,) for the respondent Taylor.

*O. C. Boothby,* (*Franklin E. Smith* with him,) for the petitioner.

CROSBY, J. This is a petition to register title to three parcels of land situated at Megansett, in the town of Falmouth. The petitioner also claims as appurtenant to the land certain rights of way over Cedar Avenue, leading from the road, shown on a plan as "Boulevard," to the shore. A Land Court examiner filed a report and an abstract of title. At a hearing before a judge of the Land Court Warner V. Taylor (herein called the respondent) excepted to the denial of his requests for rulings and to the granting of certain requests for rulings filed by the petitioner. The exceptions relate to the location of Cedar Avenue as the boundary of the petitioner's land, and her rights in that avenue.

The findings of fact made by the judge of the Land

Court will stand if warranted by the evidence with justifiable inferences. "The general finding in favor of the petitioner imports a finding of all subsidiary facts and the drawing of all permissible inferences essential to that conclusion." *United States Leather Co. of Massachusetts* v. *Lynn,* 293 Mass. 15. Although the case presents for interpretation the construction of written instruments, the significance of the words therein is to be considered in view of the time and circumstances in which they are used, and the intent of the parties is usually a matter of fact. Accordingly, weight must be given to the findings made. *Erickson* v. *Ames,* 264 Mass. 436, 441. *Sutcliffe* v. *Burns,* 294 Mass. 126, 131, 132.

Besides other facts, the trial judge found that the land sought to be registered consists of three parcels — one, designated in the decision of the judge of Land Court as "parcel one," is a lot bounded northerly on land of the respondent by the southerly line of Cedar Avenue, a curving way; another, designated in the decision of the judge of the Land Court as "parcel two," is an adjoining lot on the south that extends from the boulevard to a point near high water mark; and a third is a parcel of upland and flats running westerly from said point near high water mark, and bounded northerly on land of the respondent, being the end of Cedar Avenue, and flats of the respondent on which there is an ancient wharf.

The decision by the judge of the Land Court includes the following: "There was an old way, known as the road to the wharf, leading from a public way at some distance to the east across the present land of the petitioner to a point about opposite his [*sic*] present house, and thence down through a steep gully to the wharf. From about opposite the house an old logging road branched from the wharf road southerly to and across what is now the boulevard or present town way. The wharf, which has long ceased to exist as a wharf, was once used by coasting schooners and packets, but not at all for over fifty years; and there has been no use of the road within that period as a means of access to the wharf. It was a private road,

and there appear to be no rights in it except for the parties to this case. . . .

"There is on the ground a travelled way as shown on the filed plan which follows the course of the old logging road from the present town road to a point opposite the respondent [*sic*] house, and thence down to the shore follows the old road to the wharf. The road to the wharf extended to the northerly line of the petitioner's third parcel, which had by grant an appurtenant privilege of the wharf.

"February 9, 1903, Mrs. Mary Donkin, then owner of both the land now of the respondent and of the remaining land of the petitioner, conveyed to her sisters-in-law what is now the petitioner's first parcel, described as bounding by the southerly line of Cedar Avenue. Mrs. Donkin had a plan made by E. L. and C. L. Hayward, engineers, . . . showing the parcel conveyed February 9 as bounding northerly by Cedar Avenue, a way between the boulevard and the shore laid out on a consistent curve, with courses and distances from the boulevard to the stone monument near the shore which marks the southwest corner of the petitioner's first parcel and the northeast corner of her third parcel. The description in the deed of February 9 was taken from this plan, but it is not referred to and was not recorded until 1920. The Cedar Avenue shown on this plan follows substantially the course of the travelled way. It is however twenty feet wide whereas the travelled way is only about five feet wide, and it makes a regular curve thereby diverging from the travelled way in two places. From a point about eighty feet west of the boulevard for a distance of about seventy feet the southerly line of the travelled way is about a foot to the south of the southerly line of Cedar Avenue on the recorded plan, and at the westerly end the travelled way leads by irregular lines, within the limits of the recorded plan avenue, up through a steep gully with bayberry bushes and gravelly banks on either side, to near the top of the rise, and then swings to the north for a distance of about seventy-five feet, making a sharp curve of which the furthest distance of its northerly

line from the northerly line of the Cedar Avenue of the plan is about fifteen feet.

"February 19, 1903, Mrs. Donkin conveyed to one Noyes the second parcel now of the petitioner. The land is described as bounding west and east of the first parcel, northerly by the southerly line of 'Cedar Avenue.' The courses and distances given are those of said plan, but the plan is not referred to and . . . was not recorded until 1920."

On August* 25, 1920, "Mrs. Donkin, still owner of the fee in the way (whether the travelled way or the Cedar Avenue of the plan) and adjoining land now of the respondent to the north, made a grant to her sisters-in-law, then owners of the petitioner's first parcel, of a right of way as appurtenant to said first parcel from any buildings thereon to and from the boulevard over Cedar Avenue as shown on said plan which was then recorded with the grant. This grant was upon condition that whereas because of the (land locked) location of their land (said first parcel) the grantees were unable to use any other way for a driveway, but it was possible that they or their heirs and assigns might purchase adjacent land and construct a driveway thereover to the boulevard, in the event that they should so construct such driveway the grantees, their heirs or assigns, shall release to the grantor, her heirs or assigns, any rights of way under this grant to and from the boulevard, but in any event shall have as appurtenant to said grantee's land (said first parcel) a right of way therefrom to the shore. The engineers agree that the recorded plan of Cedar Avenue was not intended as a location thereof from actual survey, and the original Hayward field notes show that no survey was made for that purpose. The plan was accurately drawn however in relation to monuments on the ground and the lines of Cedar Avenue of that plan have been reproduced on the filed plan. The recorded plan was not referred to in the deeds of either parcel one or parcel two, and there is nothing to indicate that the grantees of parcel one knew of it until the grant of 1920. The trav-

* The judge's decision by error read "October" instead of "August." — Reporter.

elled way was, however, on the ground at the time of both deeds, and was, I find, the way therein described as Cedar Avenue.

"But when the Donkin sisters, grantees of parcel one, conveyed to the petitioner by deed dated September 7, 1920, and recorded with said grant of the easement of August 25 and accompanying plan, they described the land as shown on said plan and therein referred to, and bounded 'along the line of said avenue.' The respondent contends that the petitioner's land extends northerly only to the southerly line of the avenue as shown on said recorded plan. That plan, however, . . . was not a survey of, nor a location of, said avenue except in so far as concerned the easement of a driveway out to the boulevard. In the grant of that easement the right of way of the grantees from said land to the shore, which was over the travelled way, was expressly preserved. Unquestionably the plan was incorporated by reference into the deed for all essential purposes, but the location of a new way between the boulevard and shore, impossible to use at its shore end, in place of the travelled way was not its purpose. It is unthinkable that it was the intention of the parties that the grantor should retain title to a land locked strip between the southerly line of the Cedar Avenue as indicated on the plan and the southerly line of the travelled way.

"I find that as a result of said deeds the petitioner's land is bounded northerly by the southerly line of the travelled way, and rule that, under familiar principles of law, rights of way thereover passed and remain appurtenant to each of said parcels one and two.

"The right of way granted in 1920 as appurtenant to the petitioner's first parcel was an additional right of way for the purposes of a driveway to the boulevard. The travelled way is not wide enough for such use. This easement is subject to the terms stated in said grant. The petitioner, successor in title to the grantees therein, has acquired parcel two, which is adjacent to parcel one, but has not constructed thereover any driveway to the boulevard, nor executed any release. Such a driveway could be

constructed. The respondent contends that for that reason the grant of 1920 has, as would be the case in regard to a way by necessity, terminated. I rule that it has not."

The finding of the judge, that the travelled way on the ground when parcels one and two were conveyed was the way described as Cedar Avenue, cannot be said to be wrong. The deed of February 9, 1903, describes parcel one by metes and bounds, and refers to Cedar Avenue as one of the boundaries. There is no reference to any plan locating Cedar Avenue. Monuments govern distances, and Cedar Avenue, as located on the ground, is the monument which fixes the boundary of this lot on the north. *Burnham* v. *Hoyt*, 216 Mass. 278, 281. This is also true as to the deed of February 19, 1903, conveying the second parcel. The fact that the trial judge found that the description in the deed of February 9, 1903, was taken from the "Hayward" plan is not contrary to the general conclusion reached. Although it is plain that the plan was made without reference to the actual location of the travelled way, it cannot be assumed that the grantor intended that the way should be in an entirely different place. It is reasonable to believe that the actual travelled way was the way intended when the filed plan was made without any actual survey. In construing deeds the intent of the parties is the important consideration, and in arriving at this intent it is necessary to consider the actual condition and situation of the land, ways, and other local objects. *Salisbury* v. *Andrews*, 19 Pick. 250, 253. We need not indulge in presumptions as to the intent of the parties in the present case, for the plan locating the way was not referred to in either of the deeds conveying parcels one and two. The grantees of parcel one had no knowledge of the plan until 1920. They are not to be prejudiced so far as the extent of their grant is concerned by the way therein shown. They are entitled to have the deed construed according to the general rule that a monument will prevail over courses and distances if any conflict exists. *Temple* v. *Benson*, 213 Mass. 128, 132. It follows that the southerly line of the travelled way known as Cedar Avenue is the boundary of the land conveyed by

the deeds of Mrs. Donkin dated February 9, 1903, and February 19, 1903. As found by the trial judge, the present petitioner is entitled to the same boundary line, despite the fact that the deed under which she took title, dated September 7, 1920, and recorded with the grant of easement of August 25 and accompanying plan, described the land as shown on the "Hayward" plan "and therein referred to," and bounded "along the line of said Avenue." The finding by the judge of the Land Court, after considering the circumstances under which the grant of easement and the deed were given, that "It is unthinkable that it was the intention of the parties that the grantor should retain title to a land locked strip between the southerly line of the Cedar Avenue as indicated on the plan and the southerly line of the travelled way," was warranted by other facts found, and must stand. *Erickson* v. *Ames*, 264 Mass. 436, 441. *Wood* v. *Culhane*, 265 Mass. 555. As a result of the deeds of February 9, 1903, and February 19, 1903, the lands thereby conveyed were bounded northerly by the southerly line of the travelled way, and such lands were entitled to appurtenant rights of way thereover. *Gaw* v. *Hughes*, 111 Mass. 296. *Cole* v. *Hadley*, 162 Mass. 579. These rights of way were not ways of necessity, and the rights exist even if there be other ways, public or private, leading to the land. *New England Structural Co.* v. *Everett Distilling Co.* 189 Mass. 145, 152. The easements passed through the subsequent grantees to the petitioner, as unmentioned appurtenances created by the deeds of 1903. *Fox* v. *Union Sugar Refinery*, 109 Mass. 292, 298. *Barnes* v. *Lloyd*, 112 Mass. 224. *Handy* v. *Foley*, 121 Mass. 258.

The right of way granted in 1920, as appurtenant to the petitioner's first parcel, was an additional right of way for the purpose of a driveway to the boulevard, and was not lost by acquisition of parcel two, adjacent to parcel one, as the petitioner has not constructed thereover any driveway to the boulevard, nor executed any release of her rights in connection with the granted right of way, and the trial judge so ruled. The words of this grant, so far as per-

tinent, are as follows:* "Now, therefore, in the event the grantees and their heirs and assigns shall ever construct a driveway from the aforesaid land to the 'Boulevard' over land owned by them, in such event the grantees their heirs and assigns shall release to the grantors their heirs and assigns any rights of way granted hereunder for purposes of way from said land to said 'Boulevard' . . . ." It is plain that this grant did not create a mere way of necessity, which would come to an end when the grantee obtained adjacent land bordering on the boulevard. Words used in the deed are to be construed in their ordinary and grammatical sense, unless such construction would lead to an absurdity. *Cotting* v. *Boston*, 201 Mass. 97, 100. The language of the grant is to the effect that it is only if the grantees construct a driveway from the first parcel over other acquired adjacent land, that they are obligated to release the right of way granted. This has not been done. Accordingly the petitioner is still entitled to this right of way.

We have considered all the exceptions of the respondent and find no reversible error.

*Exceptions overruled.*

---

* Clauses preceding this quotation were as follows: "The above grant is made on the following condition: Whereas on account of the location of the aforesaid land of the grantees, the grantees are unable to use any way other than said Cedar Avenue for the purpose of a driveway from any buildings located or to be located on said land to said 'Boulevard', and Whereas it is possible that the grantees or their heirs and assigns may purchase adjacent land and may construct a driveway over land to which they shall have acquired title to said 'Boulevard.'" — REPORTER.