245 P.2d 390

**HUGHES et al. v. LIPPINCOTT.**
No. 5437.

Supreme Court of New Mexico.
June 11, 1952.

Rehearing Denied July 2, 1952.

Henry J. Hughes, Santa Fe, for appellants.

Seth & Montgomery, Wm. R. Federici, Santa Fe, for appellee.

McGHEE, Justice.

The controlling issue presented by this appeal is whether the defendant, Camilla Hare Lippincott, is to be sustained in her contention the conveyance from which she derives title describes her property as bounded by a way, thus vesting in her an easement of passage over a private way. The plaintiffs and the defendant derive their respective titles to adjoining property from common grantors, Kenneth M. Chapman and wife. The deed in question was given October 1, 1941, to defendant's predecessor in title, Joseph T. Curtiss, and conveyed a tract of land fronting on a public street in the city of Santa Fe, New Mexico, the grantors retaining ownership of the portion directly behind the tract sold, not on a public street, together with a narrow strip approximately 20 feet wide, know as Plaza Balentin, to be used as a way to the public street, which private way extended past both properties. The

property conveyed by the October 1, 1941, deed was described therein as follows:

"Beginning at an iron pipe set for the Southeast corner, at the Northwest corner of the junction of Plaza Balentin with Acequia Madre Street, whence an iron pipe marking the Southwest corner of property of J. D. Slye at the Northeast corner of said junction bears S. 88° 20' E. 23.0 feet distant; thence N. 88° 20' W. 113.95 feet along the North side of Acequia Madre Street to an iron pipe marking the Southwest corner of this property and the Southeast corner of property of Jack Davis; whence an iron pipe marking an angle point in the South line of said Davis property bears S. 89° 49' W. 54.7 feet distant; thence N. 09° 03' E. 131.2 feet to an iron pipe marking the Northwest corner; thence S. 76° 28' E. 69.55 feet to an iron pipe; thence N. 14° 01' E. 11.75 feet to an iron pipe; thence S. 76° 28' E. 30.95 feet to an iron pipe marking the Northeast corner; thence S. 32° 02' E. 16.7 feet to an iron pipe on the West side of Plaza Balentin; *thence S. 08° 38' W. along the West side of Plaza Balentin 107.75 feet to the Southeast corner,* the place and point of beginning. *Bounded* North by property of Mrs. K. M. Chapman; *East by Plaza Balentin;* South by Acequia Madre and West by Jack Davis and J. A. Lowe. Being a portion of Lots 49 and 50, Block 83, King's Official Map of the City of Santa Fe, New Mexico." (Emphasis supplied.)

The plaintiffs, subsequent grantees from the Chapmans, sought to quiet title to the private way, Plaza Balentin, against the defendant's claim of easement therein. The trial court found substantially for the defendant and its pertinent findings of fact and conclusions of law were as follows:

"2. Defendant, Camilla Hare Lippincott, is the owner of the following described real estate in the City of Santa Fe, County of Santa Fe, State of New Mexico * * * (Being that property described in deed from Kenneth M. Chapman and wife to Joseph T. Curtiss.)

"3. That Joseph T. Curtiss purchased the property now owned by Defendant Lippincott from Kenneth M. Chapman and Kate M. Chapman by warranty deed dated October 1st, 1941, recorded in Book 24 at Page 4 of the Records of Deeds in the office of the County Clerk of Santa Fe County, New Mexico, and that the description of the property in said deed is the same as set out in the warranty deed to Defendant Lippincott from Joseph T. Curtiss.

"4. Kenneth M. Chapman and Kate M. Chapman, his wife, were the

common grantors of the land now owned by Plaintiffs and Defendant Lippincott.

"5. Kenneth M. Chapman and Kate M. Chapman, his wife, were the owners of the fee in the way or street known as Plaza Balentin at the time they conveyed to Joseph T. Curtiss the property described in warranty deed dated October 1st, 1941, filed for record in Book 24 at Page 4 of the Records of Deeds of Santa Fe County.

"6. That deed from Kenneth M. Chapman and Kate M. Chapman to Joseph T. Curtiss called for the way or street known as Plaza Balentin as a boundary.

"7. The deed from Joseph T. Curtiss to Defendant Lippincott called for the way or street known as Plaza Balentin as a boundary.

"8. Plaza Balentin is a continuous way from Acequia Madre Street to Delgado Street within the City of Santa Fe, State of New Mexico, and adjoins the property now owned by the Plaintiffs and the Defendant Lippincott.

"9. When Kenneth M. Chapman and Kate M. Chapman, his wife, common grantors, owned Plaza Balentin and adjoining property, the said way was used for all the premises adjoining said Plaza Balentin.

"10. Joseph T. Curtiss has not abandoned any rights which he may have or may have had in and to Plaza Balentin.

"11. Defendant, Camilla Hare Lippincott, has not abandoned any rights which she may have in and to Plaza Balentin.

"12. Defendant, Joseph T. Curtiss, did not authorize any agent to abandon any rights, title or interest which he had in Plaza Balentin.

"13. The most northeasterly corner of Defendant Lippincott's property, being an area of approximately 12 feet by 32 feet, was originally sold by Kenneth M. Chapman and Kate M. Chapman, his wife, to Joseph T. Curtiss as a site for a private garage.

"14. If the most northeasterly portion of the property owned by Defendant Lippincott and formerly owned by Defendant Curtiss were to be used as a private garage, access to it could only be gained by and through Plaza Balentin, and thence over Plaintiffs' property.

"15. The most northeasterly portion of Defendant Lippincott's property, being approximately 12 feet by 32 feet in area, abuts the way known as Plaza Balentin, and access to said area can

not be had without first crossing any of plaintiffs' property.

\*     \*     \*     \*     \*     \*

"17. Defendant Lippincott had no notice that Plaintiffs denied that her grantors had an easement in and to the Plaza Balentin.

"18. On March 20th, 1948, Defendant Lippincott entered into an Agreement to sell her property to Aimee Seyfort Ruegg, and pursuant to said Agreement, Defendant Lippincott executed a warranty deed and placed same in escrow with the First National Bank of Santa Fe, New Mexico, and Mrs. Ruegg deposited with said Bank the balance of $17,000.00 due on the purchase price; that the said contract provided that the Bank should deliver the warranty deed to Mrs. Ruegg and the $17,000.00 to Defendant Lippincott upon receipt of approval of title by Mrs. Ruegg's attorneys; that no approval of title has been submitted to the Bank by Mrs. Ruegg's attorneys and no further delivery of either the deed or the money has been made by said Bank."

The court then concluded as matters of law:

"2. That the Defendant Lippincott is entitled to a decree quieting her title in and to the property set out in Finding of Fact No. 2, as against the Plaintiffs herein.

"3. Plaintiffs' fee simple title to the land and real estate described in the Complaint filed in the above cause is subject to an implied easement appurtenant to the property owned by Defendant Lippincott for the purpose of ingress and egress from and to said property for residential uses over the way known as Plaza Balentin to the full extent and width thereof as it presently exists, insofar as it is upon Plaintiffs' property.

"4. Where a conveyance of land calls for a way or street as a boundary, and the grantor owns the fee in the land represented as the way or street, the grantor and his heirs and those claiming under him are estopped to deny that there is a street or way to the extent so bounded on the way, and the grantee and those claiming through him acquire by the deed a perpetual easement and right of passage on and over it.

"5. That since the deed of conveyance by Kenneth M. Chapman and Kate M. Chapman to Defendant Curtiss and the deed of conveyance by Defendant Curtiss to Defendant Lippincott called for the way or street, Plaza Balentin, as a boundary, Defendant Lippincott has an implied ease-

ment by law on and over Plaza Balentin appurtenant to her property.

"6. There has been no abandonment of any rights which Defendant Lippincott may have in and to the way known as Plaza Balentin.

"7. Under the Agreement dated March 20th, 1948, bewteen Defendant Lippincott and Mrs. Ruegg, Defendant Lippincott retained legal title to the property, and has a sufficient interest in said property, and is a proper party to defend the action brought by Plaintiffs and to prosecute her counterclaim against said Plaintiffs."

The plaintiffs now contend (1) there can be easement by implication in New Mexico unless the same is "by necessity"; (2) that any right in the private way was excluded under the terms of the conveyance; that the sentence of the description in the deed to defendant's predecessor in title reading: "Bounded North by property of Mrs. K. M. Chapman; East by Plaza Balentin; South by Acequia Madre and West by Jack Davis and J. A. Lowe." is inoperative to vest any right in the way because the first portion of the description by courses and distances excludes the way; that the reference to the way is descriptive merely and for purposes of location; and (3) that the original grantee, Curtiss, abandoned his claim to an easement and the defendant Lippincott cannot revive and assert the same.

As to the first contention, plaintiffs are mistaken in their assertion there can be no easement by implication in New Mexico unless the same is "by necessity." They rely principally on the case of Michelet v. Cole, 20 N.M. 357, 149 P. 310, 311. That case involved an easement claimed to pass as an appurtenant to the property conveyed under a clause in the deed following the description, reading: "together with all and singular the hereditaments and appurtenances thereto belonging." Our court declared the grantee held no easement in the way contended for, on that basis, stating:

"The general rule is, to which we know of no exception, that no right in a way, which has been used during the unity of possession, will pass upon the severance of the tenements, unless proper terms are employed in the conveyance to show an intention to create the right de novo. (Citing cases.)"

We did not have there before us the contention here made that an easement arises by implication from a deed describing the property conveyed as bounded by a way. As stated in 17 Am.Jur., Easements, Sec. 34, p. 948, and approved by this court in Venegas v. Luby, 49 N.M. 381, 164 P.2d 584, various elements are essential to create an easement by implication upon the severance of the unity of ownership in an estate. And it is true that among these elements is the requirement that the easement be

reasonably necessary to the enjoyment of the dominant portion of the property. However, easements may be raised by ways other than by passing as an appurtenant upon the severance of unity of ownership. As stated in a recent Ohio case, Trattar v. Rausch, 154 Ohio St. 286, 95 N.E.2d 685, 689:

> "Easements may be implied in several ways—from an existing use at the time of the severance of ownership in land, from a conveyance describing the premises as bounded upon a way, from a conveyance with reference to a plat or map or from necessity alone, as in the case of ways of necessity. (Citing authority.)"

Different considerations are involved in the determination of easements arising in these differing ways. With the nature of the easement here contended for, necessity or the lack of it has no bearing. 28 C.J.S., Easements, § 40, Page 704 et seq.; Anno: 122 Am.St.Rep. 216; New England Structural Co. v. Everett Distilling Co., 189 Mass. 145, 75 N.E. 85; Hill v. Taylor, 296 Mass. 107, 4 N.E.2d 1008; McPherson v. Monegan, 120 Mont. 454, 187 P.2d 542; Casella v. Sneirson, 325 Mass. 85, 89 N.E. 2d 8.

Plaintiffs quote from Burling v. Leiter, 272 Mich. 448, 262 N.W. 388, 100 A.L.R. 1312, to support their claim easements are to be implied only in cases of necessity to prevent the fettering of estates; however, this case likewise involved an easement claimed to arise from an existing use at the time of severance, and the statements therein contained, as well as those in Michelet v. Cole, supra, have no application to the present determination.

We now come to those matters raised under the second general contention of plaintiffs that any easement in the private way known as Plaza Balentin was excluded from the terms of the conveyance.

It is the general rule and the rule followed in this state that where the description of property conveyed calls for a road or way as a boundary and the grantor owns the fee in said way, an easement in the way passes to the grantee and his heirs and assigns by implication of law. In Nickson v. Garry, 51 N.M. 100, 179 P.2d 524, 526, the authorities are collected and analyzed after this general assertion by our court:

> "If land is purchased under an agreement and representation that it would abut upon a street or alley, existing or to exist by the terms of the deed, and the grantor owns the land to be so used; the grantor and his heirs are estopped to deny the existence of the alley; and the purchaser acquires a right of way over the land in question."

In the Nickson case a controversy arose over the ownership of a narrow strip of

land being the south 15 feet of a lot in Roswell, New Mexico. The grantor conveyed away the north 35 feet of the lot in a deed containing the following language: "* * * and it is hereby understood and agreed that the remaining 15 feet of said lot shall be perpetually reserved for an alley." The heirs of the grantor contended for ownership of the strip in question, and we held, among other things, that the heirs of the grantor were estopped from claiming that the alley, though not in fact in existence prior to the execution of the deed, was created by the deed itself. We also quoted therein the following language from Hennessey v. Old Colony & N. R. Co., 101 Mass. 540, 100 Am.Dec. 127:

> " 'The whole extent of the doctrine is, that a grantor of land, describing the same by a boundary on a street or way, if he be the owner of such adjacent land, is estopped from setting up any claim, or doing any acts, inconsistent with the grantee's use of the street or way.' * * * In one sense the deed operates as a conveyance of a right of way over the street; that is to say, the grantors and all claiming under them are estopped to deny the existence of the street, or do any act inconsistent with the plaintiff's use of it as such."

See also, 17 Am.Jur., Easements, Sec. 46, p. 957; 14 Am.Jur., Covenants, Sec. 17, p. 494; 28 C.J.S., Easements, § 40, page 704; 122 Am.St.Rep. 216 and Vol. 2 Thompson, Real Property, Sec. 470 et seq.

Plaintiffs assert the deed in question does not "bound the property by a way," but merely mentions the way for purposes of description or location without any intention of making it the actual boundary of the land. It is generally stated in the authorities cited last above that no easement is acquired by the grantee in such cases. We are referred by the plaintiffs to three cases in support of his contention: Lankin v. Terwilliger, 22 Or. 97, 102, 29 P. 268; Brizzalaro v. Senour, 82 Ky. 353; and Talbert v. Mason, 136 Iowa 373, 113 N.W. 918, 14 L.R.A.,N.S., 878.

In the case of Brizzalaro v. Senour, the original owner executed a conveyance to a lot of ground defined by metes and bounds and designating one of the lines in the following manner: "Thence northwardly with the east line of said bridge company sixty-five feet to a ten-foot alley (which extends from the east line of the said bridge property to Greenup street, running parallel with said Second street), thence eastwardly, * * *". The weight of the testimony was no such alley had been laid out in fact or on any map or survey by the grantor. The court recognized the grantor and his privies would be bound by estoppel but ruled a subsequent purchaser from the grantor would not be estopped on the basis that a mere recital in the deed, although capable of work-

ing an estoppel against the grantor, can neither vest or divest title.

In Talbert v. Mason, supra, the exception to the general rule is recognized but the facts of that case did not place the conveyance within the exception.

Only in the case of Lankin v. Terwilliger, supra [22 Or. 102, 29 P. 269] is the exception actually applied. The description there involved read, in part, as follows:

> "* * * commencing at a point on the west side of the county road at the south-east corner of a piece of land known as the 'Old Cemetery,' 5 chains south of the claim line between Terwilliger and Carruthers; thence with the meander of said road as follows: (describing by courses and distances.)"

The gist of the court's decision is contained in the following statement:

> "The starting point of the description is at a point on the west side of the county road at the south-east corner of a piece of land known as the 'Old Cemetery,' five chains south of the claim line. This corner of the cemetery lot is the controlling monument in the description, and is definite and certain without reference to the county road. In fact, if this corner is on the east side of the road instead of the west side, it would still be a controlling monument. * * * The only reference to the road in the deed is for the purpose of description, as any other mark or monument might have been referred to, and with no intention of making it the actual boundary of the land, unless it should be coincident with the description as given in the deed. Such a description of the granted premises does not convey an easement in an adjoining highway. Merely referring to a highway for the purpose of description, as any other mark or monument, is very different from bounding the granted premises by a highway over the other lands of the grantor, and thereby exposing himself to the equities of an estoppel."

In our opinion the present description does not fall within the rule stated in Lankin v. Terwilliger, supra. And furthermore, that portion of the description defining the property conveyed by courses and distances is, alone, sufficient on which to base the implication of an easement in the grantee in the private way known as Plaza Balentin. For convenience we again set out the pertinent part of that portion of the description:

> "* * * thence S. 32° 02′ E. 16.7 feet to an iron pipe on the West side of Plaza Balentin; *thence S. 08° 38′ W. along the West side of Plaza Bal-*

*entin 107.75 feet to the Southeast corner,* * * *". (Emphasis supplied.)

In American Steel Foundries v. Sibley Soap Co., 3 Cir., 270 F. 70, 71, the common grantor first conveyed to the soap company a lot of ground:

"Beginning at a point south 85 degrees 10 minutes and 50 seconds east, 25 feet from the northeast corner of land bargained to be sold by Daniel Grimm to the Franklin Steel Casting Company, *the said point being the east side of a 40-foot street as agreed upon* by said company with said Grimm; * * * thence south 86 degrees 15 minutes 10 seconds west 73.9 feet, to the *east line of said 40-foot street;* and thence *by the east line of said 40-foot street,* * * *."

This deed was duly recorded and thereafter the grantor conveyed to the predecessor in title of the steel foundry all his interest and title to a 20-foot strip which abutted the western line of the soap company's lot. In an action by the soap company to restrain the steel foundry from erecting buildings on this 20-foot strip, the soap company prevailed, the court stating:

"The question involved is one of title and easements vested under certain deeds from a common grantor to both parties, and the determination of that question turns on the application to those deeds of the decisions of the Supreme Court of Pennsylvania. Stated in general terms, the law of Pennsylvania is that, where an owner of lands grants a part of it, and designates as a boundary of the part sold a street on the part of the land which he retains; a right of way or easement to such street or way passes to the grantee by operation of law and the grantor cannot thereafter be heard to say no such street exists.

* * * * * *

"This description located the western line of the lot sold as abutting on the east line of the 40-foot street. This deed the purchaser recorded on December 22, 1897. Under the then adjudged law of Pennsylvania, the grantees of said lot acquired thereby an easement or right of way of which the grantor could not, and did not, deprive them, when by his deed of November, 1900, he conveyed to the predecessor in title of the American Steel Foundaries all his interest and title to a 20-foot strip of land which abutted the western line of the soap company's lot, * * *."

The similarity between the description involved in the American Steel Foundries case and the present one is apparent.

The most recent case discovered in point is that of Casella v. Sneirson, 325 Mass. 85, 89 N.E.2d 8, 9, decided December, 1949. There an easement over a way between

properties abutting on the way was in dispute. At one time the entire property was held by a common grantor. In 1922 the plaintiff's lot was conveyed to one, Durkiwicz, by a deed referring to the property as "land in Waltham situated on the easterly side of Wall Street, a private way." The pertinent part of the description in that deed is quoted in the opinion as:

"Beginning at the southwesterly corner of the granted premises at a point in the easterly line of said Wall Street at land of Hughes; thence running northerly on the easterly line of said Wall Street one hundred eight (108) feet more or less to a point * * *."

Subsequently Durkiwicz conveyed to the plaintiff employing the same description. Many years later the common grantor conveyed the remaining property held by him to the defendant's predecessors and the defendants later proposed to erect a garage on the property. It appeared that Wall Street had never been opened between the two properties, and the proposed garage would have interfered with plaintiff's right of way over what would have been a continuation of Wall Street. The ruling of the trial court that no easement was created in this portion of the property was reversed. The court stated, significantly, as follows:

"Although there is some authority to the contrary, see McKenzie v. Gleason, 184 Mass. 452, 458–459, 69 N.E. 1076, 100 Am.St.Rep. 566; Wood v. Culhane, 265 Mass. 555, 558–559, 164 N.E. 622, we think it must be regarded as settled in this Commonwealth that a description which bounds property by the side line of a way is no less effective to give the grantee an easement in the way * * * than a description which bounds the property *by* or *on* a way. Gaw v. Hughes, 111 Mass. 296; Cole v. Hadley, 162 Mass. 579, 39 N.E. 279; Driscoll v. Smith, 184 Mass. 221, 68 N.E. 210; Hill v. Taylor, 296 Mass. 107, 116, 4 N.E.2d 1008. * * * we think that the judge erred in holding that the deed under which the plaintiff claims gave her no easement over Wall Street as continued beyond the point where it joins her lot and that of the defendants. * * * To be sure, Wall Street along the plaintiff's westerly boundary had not been laid out at the time of the conveyance to *Burkiwicz*; nor was it shown on any plan referred to in his deed. But it was sufficiently designated by the reference in the deed so that the grantor and those claiming under him would be estopped to deny its existence, * * *."

See also Malone v. Jones, 211 Ala. 461, 100 So. 831; and McPherson v. Monegan, 120 Mont. 454, 187 P.2d 542.

In our opinion the deed in the present case clearly described the defendant's prop-

erty as bounded on the east by the private way, Plaza Balentin, in employing these terms: "* * * thence S. 32° 02' E. 16.7 feet to an iron pipe on the West side of Plaza Balentin; thence S. 08° 38' W. along the West side of Plaza Balentin 107.75 feet to the Southeast corner, * * *".

Because the precise description by courses and distances expresses the intention of the grantors to bound the premises by the way, there is no conflict between it and the general description by metes and bounds appearing immediately after the description by courses and distances, in these words: *"Bounded* North by property of Mrs. K. M. Chapman; *East by Plaza Balentin;* South by Acequia Madre and West by Jack Davis and J. A. Lowe." (Emphasis supplied.) It is, therefore, our view, and we so hold, when the two nonconflicting modes of description are read together the deed comes without question under the general rule as stated above and an easement of passage over the way vested in the defendant; and none other than an innocent purchaser for value without notice of the existing easement could divest the defendant's rights in the way. In the record before us plaintiffs have not brought themselves within that category. The trial court found the deed from the common grantors, Kenneth M. Chapman and Kate M. Chapman, was dated October 1st, 1941, and duly recorded in the office of the Coun-

ty Clerk of Santa Fe County. The deed bears the certification of the County Clerk that it was recorded October 24, 1941. The deed from the Chapmans to the plaintiffs was not executed until December 11, 1945. Nor are any other circumstances presented to defeat the easement of the defendant in the private way.

Plaintiffs contend lastly that the defendant or her predecessor has abandoned any right existing in the way, but it is our view the weight of the testimony supports the finding of the trial court otherwise. All other contentions by plaintiffs have either been abandoned or are deemed without merit.

The judgment will be affirmed.

It is so ordered.

LUJAN, C. J., and SADLER, COMPTON, and COORS, JJ., concur.